**The BOARD OF ADJUSTMENT OF SUSSEX COUNTY, Appellee Below–Appellant,**

v.

**Francois VERLEYSEN and Walter Kotowski, Appellants Below– Appellees.**

No. 258, 2011.

Supreme Court of Delaware.

Submitted: Dec. 15, 2011.
Decided: Feb. 8, 2012.

---

16. 10 *Del. C.* § 902(a).

Richard E. Berl, Jr., Esquire, (argued) of Smith Feinberg McCartney & Berl, LLP of Georgetown, Delaware for Appellant.

Timothy G. Willard, Esquire, (argued) of Fuqua, Yori and Willard, P.A., of Georgetown, Delaware for Appellees.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court *en Banc.*

RIDGELY, Justice:

Appellee–Below/Appellant, the Board of Adjustment of Sussex County (the "Board") appeals from a Superior Court decision reversing the Board's denial of the area variance application of Appellants–Below/Appellees, Francois Verleysen and Walter Kotowski (the "Applicants"). The Board denied the application on grounds that the Applicants did not satisfy the statutory requirements of title 9, section 6917 of the Delaware Code. In particular, the Board found that the Applicants created the exceptional practical difficulty and the property was being reasonably utilized without the non-conforming structures. On appeal, the Board contends that the Superior Court erred by reversing the Board's decision when that decision was supported by substantial evidence and free from legal error. The Board also contends that the Superior Court erred by shifting the burden of persuasion from the Applicants to the Board.

The plain language of title 9, section 6917 of the Delaware Code precludes the Board from granting a variance where, as here, the applicant has created the exceptional practical difficulty. Additionally, the decision of the Board that the property was being reasonably utilized without the non-conforming structures was supported by substantial evidence and was free of legal error. Accordingly, we must reverse the decision of the Superior Court.

## Facts

The Applicants bought the property in question, 37551 Atlantic Avenue in Rehoboth Beach, Delaware, approximately two years ago. Applicants made renovations and improvements to the property. These renovations included adding a barbecue area with a sunroof that encroached into the required ten-foot setback. Applicants also built a shed in the setback area. The Applicants did not obtain the necessary permits for these structures. The Applicants received notice that they had violated the setback requirements, and appealed to the Board.

The Board held a hearing and Verleysen testified on behalf of the Applicants. Verleysen claimed that he and Kotowski were not aware that permits were necessary and that they assumed they could build up to the property line because the property was zoned commercial. The Applicants chose the location for the barbecue area to ensure it was ten feet away from the pool and due to other space limitations. Verleysen also noted that the shed was built in the same place as a previous shed on the property. Verleysen argued that the property was unique, that the neighbors supported the variance, that the variance was necessary for reasonable use of the property, that the additions enhanced the value of surrounding properties, that the variance would not be detrimental to the public welfare, and that the variance would represent the least modification possible. At the end of the hearing, the Board chairman said to Verleysen: "when you addressed the standards for granting a variance, I either missed or you didn't address the standard of not having been created by the applicant." Verleysen responded, "it was created by me."

The Applicants also presented two letters and nineteen signatures in favor of granting a variance. The Board secretary

read one letter in opposition from a business adjacent to the Applicants' parcel. The letter claimed that there was no exceptional hardship and that the Applicants had intentionally contravened zoning laws.

In discussion following the hearing, the Board focused on Verleysen's admission that he created the difficulty. Board members also expressed concern about the zero setback. The Board unanimously voted to deny the application the same day as the hearing.

### Procedural History

In the Board's written decision denying the application for a variance, the Board stated, "if there was any practical difficulty it was clearly created by the Applicant undertaking construction without a permit."[1] The Board also found that "the property was being reasonably utilized without the additional structures built by the Applicant."[2]

On appeal, the Superior Court reversed the Board's decision.[3] The Superior Court found that the Board committed legal error by not weighing the variance's effect on the neighborhood against the hardship to the Applicants under this Court's decision in *Board of Adjustment of New Castle County v. Kwik–Check Realty, Inc.*[4] This appeal followed.

### Analysis

■■■ When reviewing the Board's decision, we apply the same standard that must be applied by the Superior Court.[5] We review the Board's decision for errors of law and to determine whether substantial evidence exists to support the Board's findings of fact and conclusions of law.[6] We will not weigh the evidence, determine questions of credibility, or make our own factual findings.[7] We review the Superior Court's legal determinations, including questions of statutory interpretation, *de novo*.[8]

The New Castle County, Kent County, and Sussex County Board of Adjustments each take their respective powers from different provisions of the Delaware Code. Title 9, section 6917 of the Delaware Code authorizes the Sussex County Board of Adjustment to hear and grant variance requests.[9] Under this provision, the Board is authorized to grant a variance "only if *all* of the following findings are made":

(a) That there are unique physical circumstances or conditions ... and that the unnecessary hardship or exceptional practical difficulty is due to such conditions, and not to circumstances or conditions generally created by the provisions of the zoning ordinance or code;

(b) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance or code and that the authori-

1. *In re: Francois Verleysen and Walter Kotowski*, No. 10724–2010 (Del. Bd. of Adjustment of Sussex Cty., Dec. 14, 2010).

2. *Id.*

3. *Verleysen v. Bd. of Adjustment of Sussex Cty.*, No. Civ.A. S11A–01–006 (Del.Super. Apr. 26, 2011).

4. 389 A.2d 1289, 1291 (Del.1978).

5. *CCS Investors, LLC v. Brown*, 977 A.2d 301, 319–20 (Del.2009).

6. *Id.*

7. *Id.* at 320.

8. *See id.*

9. 9 *Del. C.* § 6917(1).

zation of a variance is therefore necessary to enable the reasonable use of the property;

(c) *That such unnecessary hardship or exceptional practical difficulty has not been created by the appellant;*

(d) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; *and*

(e) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation at issue.[10]

The interpretation of section 6917(3) as amended is a question of first impression for this Court.[11] In *Kwik–Check,* we interpreted the statute governing the New Castle County Board of Adjustment[12] and held that area variances may be granted upon a showing of "exceptional practical difficulty."[13] As to this "exceptional practical difficulty" showing, we set forth a four-factor analysis:

The Board should take into consideration the nature of the zone in which the property lies, the character of the immediate vicinity and the uses contained therein, whether, if the restriction upon the applicant's property were removed, such removal would seriously affect such neighboring property and uses; whether, if the restriction is not removed, the restriction would create unnecessary hardship or exceptional practical difficulty for the owner in relation to his efforts to make normal improvements in the character of that use of the property which is a permitted use under the use provisions of the ordinance.[14]

We further stated that when determining if there is an "exceptional practical difficulty" under *Kwik–Check,* the New Castle County Board of Adjustment should "weigh[ ] the potential harm to the neighboring properties by granting the variance against the potential harm to the property owner by denying it."[15]

The statute that governs proceedings before the Sussex County Board of Adjustment is materially different from the statute pertaining only to New Castle County that was at issue in *Kwik–Check.* In particular, the New Castle County statute does not *require* the Board of Adjustment to find that the "unnecessary hardship or

---

**10.** 9 *Del. C.* § 6917(3) (emphasis added). *See also* Sussex County Code § 115–211(B).

**11.** The statute was amended in 1993 to add the "exceptional practical difficulty" standard. *See* Del. H.B. 230, 137th Gen. Assem. (1993).

**12.** *See* 22 *Del. C.* § 327(a)(3). The statute provides that the Board of Adjustment may:

"Authorize, in specific cases, such variance from any zoning ordinance, code or regulation that will not be contrary to the public interest, where, owing to special conditions or exceptional situations, a literal interpretation of any zoning ordinances, code or regulation will result in unnecessary hardship or exceptional practical difficulties to the owner of property so that the spirit of the ordinance, code or regulation shall be observed and substantial justice done, provided such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of any zoning ordinance, code, regulation or map;. . . ."

**13.** *Kwik–Check,* 389 A.2d at 1291.

**14.** *Id.*

**15.** *McLaughlin v. Bd. of Adjustment of New Castle County,* 984 A.2d 1190, 1192–93 (Del. 2009).

exceptional practical difficulty has not been created by the appellant." [16]

■ It is well established that "[c]ourts have 'no authority to vary the terms of a statute of clear meaning or ignore mandatory provisions.'" [17] "If a statute is not reasonably susceptible to different conclusions or interpretations, courts must apply the words as written, unless the result of such a literal application could not have been intended by the legislature." [18] Further, "when a statute is clear and unambiguous there is no need for statutory interpretation." [19] Here, the language of section 6917(3) unambiguously requires the Sussex County Board of Adjustment to find that the difficulty *was not created by the applicant* before it may grant a variance. Because the applicant bears the burden of proof,[20] this means that the Board lacks authority to grant an area variance where the applicant failed to show that he did not create the exceptional practical difficulty.

The balancing set forth by this Court in *Kwik–Check* presupposes that the governing statute does not preclude a variance upon particular findings by the Board, but rather contains flexible language like that applicable to the New Castle County Board. Thus, *Kwik–Check's* balancing is inapplicable where the General Assembly has required the Board to find that the applicant did not create the exceptional practical difficulty.

Subsection (d) of section 6917(3) requires applicants to show that the variance would not "substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare." *KwikCheck* may inform this analysis,[21] but satisfaction of this requirement alone is not sufficient to grant a variance. Likewise, our recent decisions affirming that a self-imposed hardship is not a *per se* bar to a variance [22] have no application here because the governing statute plainly precludes a variance upon a finding of self-created exceptional practical difficulty.

Applicants cite the legislative history of section 6917 to argue that the General Assembly intended for the Sussex County statute to mirror the New Castle County statute. The synopsis to the bill adding "exceptional practical difficulty" to section 6917 explained that the amendment would "bring[ ] Sussex County's Board of Adjustment into conformity with similar statutes applicable to municipalities and the other Counties." [23] Applicants suggest that the synopsis reflects the General Assembly's intent to graft *Kwik–Check's* balancing test into the Sussex County language, and preclude a self-created "exceptional practical difficulty" from acting as a *per se* bar. We disagree.

**16.** *Compare* 22 *Del. C.* § 327(a)(3) *with* 9 *Del. C.* § 6917(3).

**17.** *Leatherbury v. Greenspun*, 939 A.2d 1284, 1292 (Del.2007) (citations omitted).

**18.** *Id.* at 1289.

**19.** *State v. Skinner*, 632 A.2d 82, 85 (Del. 1993).

**20.** *See B.E.T., Inc. v. Bd. of Adjustment of Sussex Cty.*, No. 214, 1984, 497 A.2d 784 (Del. Apr. 29, 1985) (finding applicant did not carry its burden under section 6917(3)).

**21.** *See id.* (citing *Kwik–Check*, 389 A.2d at 1291).

**22.** *McLaughlin*, 984 A.2d at 1193 (applying 9 *Del. C.* § 1352(a) and upholding finding of exceptional practical difficulty); *CCS Investors*, 977 A.2d at 321 (reaffirming that knowledge of existing zoning restriction at time property purchased is not *per se* bar to obtaining use variance in New Castle County).

**23.** Del. H.B. 230 syn., 137th Gen. Assem. (1993).

■■ A synopsis is a proper source for ascertaining legislative intent.[24] But, as with other sources of the legislative history, the Court may only look to the synopsis if the Court finds that the statutory language is ambiguous and requires interpretation.[25] It is well established that "[a] statutory synopsis cannot change the meaning of an unambiguous statute."[26] We reaffirm this rule of statutory construction.

Here, the General Assembly left intact the *five mandatory findings* in section 6917(3)—including that the difficulty "has not been created by the appellant." Thus, notwithstanding the synopsis, the plain language of the statute shows that the General Assembly intended the applicant's creation of an exceptional practical difficulty to continue to act as a *per se* bar to a variance in Sussex County. Until such time as the General Assembly amends the plain language of the statute, the Board of Adjustment and the courts must enforce it as written.

■ Section 6917(3) precludes the grant of a variance in this case. A self-imposed hardship exists where a party "[comes] to the restricted subject property with a particular unpermitted use in mind and mindful of the impossible area restrictions for that use."[27] By contrast, a hardship is not self-imposed if it "result[s] from *inherent* and *pre-existing* characteristics" of the property.[28] The Applicants have suggested that a hardship existed because they could not have put the barbecue area anywhere else due to a lack of a space. Even assuming this is true, lack of space for a barbecue area or shed—in part because other space is used for a pool—is a self-created difficulty under Delaware law. The difficulty results from the Applicants' preferred use of the land, and not the particular features of the property.[29] Moreover, Verleysen admitted to the Board that he created the exceptional practical difficulty.

The Board also found that the property was being reasonably utilized without the *non-conforming* structures. This was a separate and independent basis under section 6917(3) for denying the variance.[30] Applicants did not present any evidence suggesting that the property could not be reasonably used without the barbeque area

---

**24.** *Carper v. New Castle County Bd. of Ed.*, 432 A.2d 1202, 1205 (Del.1981).

**25.** *Chrysler Corp. v. State*, 457 A.2d 345, 351 (Del.1983) (citing *Carper*, 432 A.2d at 1205).

**26.** *Id.* (citing *Bank of America v. GAC Properties Credit, Inc.*, 389 A.2d 1304, 1309 (Del.Ch. 1978)).

**27.** *CCS Investors*, 977 A.2d at 321 (citing *Liarakos v. New Castle County Bd. of Adjustment*, 1998 WL 437135, at *2 (Del.Super. July 23, 1998)).

**28.** *McLaughlin*, 984 A.2d at 1193.

**29.** *See B.E.T., Inc. v. Bd. of Adjustment of Sussex Cty.*, No. 214, 1984, 497 A.2d 784 (Del. Apr. 29, 1985) (finding applicant failed to show it did not create hardship where hardship resulted "from the manner in which the appellant would like to subdivide the property, and not from the particular features of the property, itself"); *Groves v. Bd. of Adjustment of Sussex Cty.*, 1987 WL 25469, at *4 (Del.Super. Nov. 10, 1987) (finding loss of access to front door was self imposed hardship and not problem inherent in land itself, where appellant added front deck without permit or allowance for required setback). In *Groves*, the Superior Court further noted that "by proceeding without a permit or a variance, appellant took the risk that his design plans would be frustrated by the regulations." *Id.* at *4.

**30.** *See 9 Del. C.* § 6917(3)(b) ("[T]hat the authorization of a variance is therefore necessary to enable the reasonable use of the property.")

or shed.[31] Thus, the Board appropriately determined that the Applicants did not carry their burden to show a variance was necessary to enable the reasonable use of the property. Its decision was supported by substantial evidence and was free of legal error.

Accordingly, the Superior Court erred when it reversed the decision of the Board. Because we reverse the Superior Court on the first claim, we need not consider the Board's second claim that the Superior Court improperly shifted the burden of persuasion to the Board.

### Conclusion

The judgment of the Superior Court is REVERSED.

---

**31.** *See also, B.E.T., Inc. v. Bd. of Adjustment of Sussex Cty.*, No. 214, 1984, 497 A.2d 784 (Del. Apr. 29, 1985) (affirming denial of use variance on this factor where property could be developed for reasonable use, even if not use applicant had in mind); *Yost v. Bd. of Adjustment of Sussex Cty.*, 2011 WL 4826112 (Del.Super. Sept. 20, 2011) (holding appellant could not show variance to preserve water view was necessary for "reasonable use" of property).