Kuzmen, Appellant, *v.* Kamien et ux.

Argued November 15, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Russell C. Gourley,* for appellant.

*Joseph S. Weinfeld,* for appellee.

OPINION BY HIRT, J., April 11, 1940:

These are appeals from the order of the Municipal Court of Philadelphia County vacating an award of arbitrators.

On November 7, 1937 plaintiff under a written con-

tract, completed repairs to a building owned by defendants, and upon their refusal to pay the balance claimed to be due, brought an action in assumpsit. The defendants then entered a rule to stay proceedings pending submission to arbitrators, as provided in the written contract.[1] The court so ordered. Plaintiff thereupon named as his arbitrator B. J. Krakow and defendants named Louis Rosenberg. Rosenberg, after examining the premises over which the dispute arose, declined to join Krakow in appointing a third arbitrator in accordance with the agreement of the parties. On June 10, 1938, upon plaintiff's petition and with the acquiescence of defendants, Label Goldblatt, Esq., was named by the court below to act as the third arbitrator in conjunction with the two appointed by the parties. This procedure is supplied by §4 of the Arbitration Act of April 25, 1927, P. L. 381, 5 PS 164. There after, Rosenberg refused to act and no other arbitrater was appointed in his place. On February 4, 1939, after months of fruitless negotiation between the parties and their attorneys, the two arbitrators, namely Krakow and Goldblatt, called a meeting on notice to defendants, and the testimony of plaintiff and his witnesses was taken. Neither of the defendants nor the arbitrator appointed by them, appeared at the hearing. On June 2, 1939, the other two arbitrators who heard the evidence, made a finding in favor of plaintiff and he then sought confirmation of the award. This was refused and on motion of defendants the lower court vacated the

---

[1] "In the event of disputes or disagreements arising under the terms of this agreement in relation to matters of payment or otherwise, then the matter shall be referred to a Board of Arbitration to consist of one person selected by the owners and one person selected by the contractor, these two to select a third; the decision of any two of this Board shall be final and binding on both parties hereto, each party hereto shall pay one-half of the expense of said reference."

award and re-submitted the controversy to the arbitrators; hence these appeals.

The legal question involved is a narrow one: when three arbitrators are agreed upon and only two of them hear the evidence and make an award thereon, is such award valid under the provisions of the Arbitration Act of 1927, supra? The arbitration provided for in contracts made after that act took effect must be proceeded with according to the terms of that statute. *J. M. Davis Co. v. Shaler Twp.*, 332 Pa. 134, 2 A. 2d 708.

Section 6 of that Act, 5 PS 166, provides: "When more than one arbitrator is agreed to, *all the arbitrators shall sit* at the hearing of the case, unless, by consent in writing, all parties shall agree to proceed with the hearing with a less number." Whether the word *shall* is to be regarded as mandatory or is directory merely is to be determined by what is intended by the statute. The word is generally regarded as imperative: *Nat. Transit Co. et al. v. Boardman*, 328 Pa. 450, 197 A. 239. "Whether a statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required": *Deibert v. Rhodes*, 291 Pa. 550, 140 A. 515. The Act in question, by providing the procedure necessary to enforce specific performance of arbitration agreements according to their terms, expresses the public policy of the Commonwealth to give effect to provisions for arbitration; it was designed for that very purpose: *Nippon Ki-Ito Kaisha Ltd., v. Ewing-Thomas Corp.*, 313 Pa. 442, p. 452, 170 A. 286. Apart from statute, it is well settled in Pennsylvania that an arbitration agreement providing for more than one arbitrator cannot be enforced save through the joint action of all those named. "An authority given to three cannot be executed by two: *Russell v. Gray*, 6 S. & R. 145; *Potter v. Sterrett*, 12 Harris 412. All the arbitrators must hear the case and deliberate: *Backus's*

*Appeal,* 8 P. F. Smith 186": *Bartolett v. Dixon,* 73 Pa. 129. Hence, compliance with the direction in section 6, supra, reiterating the common law rule that all the arbitrators shall sit, is essential to accomplish the primary purpose of the statute, namely, the enforcement of arbitration agreements. It follows that the direction is mandatory unless waived by all the parties "by consent in writing."

It is undisputed that the two arbitrators heard the witnesses and made the award in the absence of the third arbitrator, and that they so acted without defendants' consent in writing. To avoid the conclusion that the proceedings were irregular under the statute in those respects, plaintiff contends, since one arbitrator had refused to act, that at the time of the hearing there were but two arbitrators. Hence, it is argued that all the arbitrators did sit. This contention, however, entirely overlooks the written agreement that there must be three arbitrators and the policy of the law that arbitration agreements must be given effect according to their terms.

For the foregoing reasons the award based upon evidence heard by only two of the arbitrators was a nullity and the order of the lower court must be affirmed, but certainly without approval of the Fabian tactics pursued by defendants and their counsel in avoiding the issue. Plaintiff, however, is not without remedy; sections 3 and 4 of the Arbitration Act provide adequate means of relief. The court has jurisdiction over the arbitrators: *Nippon Ki-Ito Kaisha Ltd., v. Ewing-Thomas Corp.,* supra, and while there is no express provision for the contingency of the refusal of an arbitrator to act, the Supreme Court in *J. M. Davis Co., v. Shaler Twp.,* supra, has definitely upheld the power of the court to appoint a substitute in place of an arbitrator who has disqualified himself and has pointed the

way to the proper procedure where an arbitrator will not act.

Order in each appeal affirmed, costs to follow the final award.