**Corson v. Keystone**

*Paul Mark Perlstein*, for plaintiff.
*John G. Jenemann*, for defendant.

TAKIFF, *J.*, May 14, 1979—Presently before the court is a petition filed by Alfred Corson to confirm an arbitration award. Respondent Keystone Insurance Company has filed an answer and a cross petition to vacate the arbitration award.

This controversy concerns Corson's insurance coverage as an uninsured or underinsured motorist under his policy with Keystone. Corson and his wife were involved in an automobile accident July 5, 1977, in which the driver of the other vehicle, Anna Rulon, was apparently at fault. Rulon's carrier, Royal Globe Insurance Company, settled the claim brought by Corson for the policy limits of $15,000. Corson thereafter submitted a claim for uninsured motorist coverage to his own insurer, Keystone, contending he was uninsured to the extent that his damages exceeded the limits of Rulon's policy. Keystone denied coverage since the driver of the

other vehicle was in fact insured for the minimum amount specified in the financial responsibility laws, and the full amount of that coverage was paid to Corson.

Persisting in his claim that he was entitled to uninsured motorist coverage, Corson demanded arbitration of the dispute as provided in the policy:

"Arbitration

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or of an uninsured highway vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this insurance, the matter or matters upon which such person and the company do not agree shall be settled by arbitration pursuant to the provisions of the Pennsylvania Arbitration Act of 1927 and each party shall, upon written demand of either, select an arbitrator. The two arbitrators so named shall select a third arbitrator, if unable to agree thereon within 30 days, then upon request of the insured or the company such third arbitrator shall be selected by a judge of a court of record in the county in which such arbitration is pending. . . . "

Pursuant to that clause, Corson's attorney appointed David Rosen, Esq. to serve as arbitrator. Demand was made upon Keystone to appoint an arbitrator, whereupon Keystone adamantly refused to comply and denied the arbitrability of the dispute. Rosen declared his intention to proceed with the hearing as a sole arbitrator, if necessary, to which counsel for Keystone responded that such action would exceed Rosen's authority and that the

procedures afforded by the Arbitration Act of April 25, 1927, P.L. 381, 5 P.S. §161 et seq., should be utilized. Notwithstanding these admonishments, Rosen held a solo "hearing" and entered an adjudication in favor of Corson against Keystone for $15,000.

In his adjudication, Rosen justified his jurisdiction in the matter in a labyrinthian fashion. Relying on the general principle that the arbitrability of a dispute is for the arbitrators to decide, Rosen construed Keystone's refusal to appoint an arbitrator as a waiver of the arbitration clause insofar as it designated compliance with the Arbitration Act, thereby permitting a reversion to common law arbitration procedures by which a sole arbitrator may be sanctioned. Rosen supported this punitive stance with such legal truisms as fair dealing is required between insurance companies and their insureds and the law favors the enforceability of arbitration clauses.

We find these assertions specious. While it is true that common law arbitration applies unless an arbitration clause expressly or impliedly invokes the Arbitration Act: Runewicz v. Keystone Insurance Company, 476 Pa. 456, 383 A. 2d 189 (1978); in this instance the statutory procedures were expressly and contractually applicable. Indeed, the policy's original arbitration clause was amended in 1974 to specifically invoke the Arbitration Act, dispelling any notion that common law arbitration was intended.

The scope of review of an arbitrator's award under the act is found at section 10 which empowers a court to vacate an arbitrator's award "(a) Where the award was procured by corruption, fraud, or undue means. . . . (d) Where the arbitra-

tors exceeded their powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made." 5 P.S. §170.

The procedural irregularity attending the arbitration hearing held by Rosen constitutes a gross deviation from the terms of the Arbitration Act, as well as our settled concepts of fair hearing and due process. Section 6 of the act prescribes in part: "When more than one arbitrator is agreed to, *all the arbitrators shall sit* at the hearing of the case, unless, by consent in writing, all parties shall agree to proceed with the hearing with a less number." (Emphasis supplied) 5 P.S. §166.

Construing the above language in Kuzmen v. Kamien, 139 Pa. Superior Ct. 538, 12 A. 2d 471 (1939), the Superior Court held that the word "shall" was mandatory, not permissive, and the policy of the law is to give full effect to arbitration agreements according to their terms. Therefore, concluded the court, a hearing and award by only two arbitrators where three had been agreed upon was a nullity.

The instant matter is clearly controlled by Kuzmen and the same disposition must be made. Additionally we note it is no defense that Keystone may have acted unreasonably or in bad faith in refusing to submit to arbitration, since other adequate remedies were available to Corson. Section 3 of the Arbitration Act permits application to the court to compel submission to arbitration, and section 4 provides for court appointment of arbitrators where vacancies are present: 5 P.S. §§163, 164. Even under the terms of common law arbitration, which Rosen purports to have complied with, a similar recourse is available by which a party can petition a

court in equity for a mandatory decree to compel arbitration: Reinhart v. State Auto Ins. Assn. 242 Pa. Superior Ct. 18, 363 A. 2d 1138 (1976).

Corson's flagrant disregard of the procedures of the Arbitration Act of 1927 and the terms of his policy of insurance with Keystone compels the following

## ORDER

And now, May 14, 1979, it is hereby ordered and decreed that the petition to confirm an arbitrator's award is hereby denied and the petition to vacate an arbitrator's award is hereby granted.