John R. DiFILIPPO, Plaintiff,

v.

Joseph R. BECK, M.D. and Charles Karpinski, M.D., Defendants.

Civ. A. No. 77–456.

United States District Court, D. Delaware.

May 31, 1983.

Robert T. Aulgur, Jr., of Wilson, Whittington & Aulgur, P.A., Wilmington, Del., and Francis X. Nolan of Himes, Sanders, Bunting and Nolan, Philadelphia, Pa., of counsel, for plaintiff.

Samuel R. Russell of Biggs & Battaglia, Wilmington, Del., for defendant Joseph R. Beck, M.D.

Jane R. Roth of Richards, Layton & Finger, Wilmington, Del., for defendant Charles Karpinski, M.D.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

Plaintiff, John R. DiFilippo, filed this diversity action in this Court on November 23, 1977, against Charles M. Karpinski, M.D., a general surgeon, and Joseph R. Beck, M.D., a urologist, alleging medical malpractice for their failure to discover, while plaintiff was hospitalized at St. Francis Hospital in Wilmington, during November and December 1975, that Mr. DiFilippo was suffering from hyperparathyroidism. Both defendants answered and generally denied any negligence on their part. (Docket Item ["D.I."] 1, 4 & 5.)

Following extensive discovery, the defendants moved for this Court to convene a malpractice review panel, pursuant to 18 *Del.C.* § 6814, for the purpose of reviewing plaintiff's malpractice claims. (D.I. 68.) Plaintiff objected to the reference of this matter to a review panel raising a number of legal issues. (D.I. 74.) On August 25, 1981, this Court ruled that a malpractice review panel should be convened and overruled plaintiff's objections. *DiFilippo v. Beck,* 520 F.Supp. 1009 (D.Del.1981). An order convening a review panel was entered on the same date. (D.I. 79.)

The Panel sat to hear testimony on March 24, 1982 and June 30, 1982. Thereafter, expert witnesses submitted further affidavits and the parties in late October, 1982 presented memoranda of their positions to the Panel.

The Panel[1] met in executive session on January 19, 1983 to deliberate and arrive at a decision. One panelist, Dr. Koniver, was not physically present but was in direct contact with the other panelists by speaker telephone during the deliberations. (D.I. 102A, Ex. A–1.) Counsel for defendant Beck, when asked whether he objected to Dr. Koniver not being physically present, lodged an objection to the procedure on behalf of both defendants. (*Id.,* Ex. A–2.)

By a 34-page written decision, dated January 26, 1983, and transmitted to the parties on February 16, 1983 (D.I. 96, Ex.), the Panel found and concluded:

1. By unanimous vote, that a physician, practicing medicine in Wilmington on November, 1975, would *not* have failed in the exercise of due care to diagnose plaintiff's hyperparathyroidism, given his complaints, history, kidney stones, and particularly the results of an SMA–12 test showing a calcium level of 14.4 and a phosphorus level of 1.9. (*Id.,* Ex. p. 8.)

2. By unanimous vote, that Dr. Beck was clearly responsible for the failure to diagnose. (*Id.,* Ex. p. 12.)

3. By vote of 4 to 1 (Dr. Koniver dissenting), that Dr. Karpinski was also responsible for failure to diagnose. (*Id.,* Ex. p. 12.)

4. By vote of 3 to 2 (Dr. Koniver and Mr. Stevenson dissenting), that plaintiff's present problems are *not* caused by multiple sclerosis but are the manifestation of the residual effects of plaintiff's now-cured hypercalcemia. (*Id.,* Ex. p. 16.)

5. By vote of 4 to 1 (Dr. Koniver dissenting), that the seven months' delay in diagnosing hypercalcemia was a factor in plaintiff's subsequent physical problems. (*Id.,* Ex. p. 28.)

6. By unanimous vote, that plaintiff is totally and permanently disabled. (*Id.,* Ex. p. 29.)

[1] The Panel members consisted of: John T. Jaywork, Esq., Chairman, Garth A. Koniver, M.D., Lawrence M. Baker, M.D., Joseph M. White and Howard C. Stevenson, laymen. (D.I. 97.) It is undisputed they were selected in accordance with 18 *Del.C.* §§ 6805 & 6806.

Due to their dissatisfaction with the Panel's findings, both defendants have moved, pursuant to 18 Del.C. § 6811(d), for review of the Panel's opinion on the grounds that: (1) the Panel met to deliberate without one member being physically present, (2) the Panel made impermissible findings of fact which should be reserved for the jury, and (3) the conclusions of the Panel are not supported by substantial evidence. (*Id.*)

Defendant Karpinski has submitted a brief in support of his motion for review (D.I. 102) and defendant Beck has adopted the arguments in Dr. Karpinski's brief with the exception of Point II–A. (D.I. 106.) Because defendants' brief argues only grounds (1) and (3), the defendants have abandoned the second contention of their motion, namely, that the Panel made impermissible findings of fact which should be reserved for the jury.

DISCUSSION

18 *Del.C.* § 6811(e) provides, in pertinent part:

> Upon receipt of a motion for review, ... the Court shall review the panel's opinion on the record made before the panel and shall strike any portion of the panel's opinion which the Court finds to be based on error of law or not supported by substantial evidence.

A. *The Deliberative Process*

Apparently, it is defendants' contention that an error of law was made when the Panel met to deliberate without the presence of Dr. Koniver, one of the five panelists.

The Court does not find that the deliberative process followed in this case amounts to an error of law which calls for striking the Panel's opinion.

■ The record indicates that all the members of the Panel were physically present to deliberate on January 19, 1983 except for Dr. Koniver. He, however, was in direct communication with the other members during the deliberations by speaker telephone. Dr. Koniver also read the final Panel Opinion, approved and signed it before it was released to the parties. (D.I. 102A, Ex. A–1.) It is also clear that his input into the deliberative process was substantial because he dissented from three of the six findings and conclusions reached by a majority of the Panel and articulated the reasons for his dissent in a dissenting opinion consisting of more than three pages. (D.I. 96, Ex. pp. 31–34.) His participation in the deliberative process and in the preparation of the final opinion does not appear, from the record, to have been limited in any way or that he was prevented from adequately presenting his views orally by speaker phone or in writing to the other panelists. While face-to-face discussions may be more desirable in a deliberative process, it is, by no means, absolutely required by the malpractice statute in question. It is not uncommon for even members of United States Appeals Court Panels to confer and deliberate by conference phone conversations or for that matter for attorneys to argue motions to a court by a conference phone hook-up.

■ The defendants, relying upon the common law rule and a Delaware statute which requires that all arbitrators be present at an arbitration hearing unless waived by the parties, *Cassara v. Wofford,* 55 So.2d 102, 195 (Fla.1951); *Kuzman v. Kamien,* 139 Pa.Super. 538, 12 A.2d 471 (Pa.Super.1940); *West Town Bus Co. v. Division 241,* 26 Ill.App.2d 398, 168 N.E.2d 473 (Ill.App.1960); 10 *Del.C.* § 5706(c), argue that this rule and policy are by analogy equally applicable to the Malpractice Review Panel. While this may be true, there is nothing in the present record that indicates that all the panel members did not attend the hearings before the Panel. The rule or policy relied upon, however, has no application to the deliberative process utilized by the Panel in the absence of any showing that some panelist was precluded from deliberating. But that is not the case here. Even though Dr. Koniver was not physically present during deliberation, he did have a great deal of input into the discussion by speaker telephone and in

clearly expressing his views in the dissenting opinion.

Under these circumstances, the Court concludes no error of law was made sufficient to set aside the Panel's Opinion.

### B.  *Substantial Evidence*

Defendants' second contention is that the Panel's Opinion is not supported by substantial evidence as required by 18 *Del.C.* § 6811(e).

Judge Walsh in *Robinson v. Mroz,* 433 A.2d 1051, 1053 (Del.Super.1981), held that the "substantial evidence" standard imposed by § 6811(e) is comparable to that which controls appeals from other. administrative bodies under the Administrative Procedures Act, 29 *Del.C.* § 6442 (now 29 *Del.C.* § 10142). Delaware courts have consistently held that substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and it is also defined as "more than a scintilla but less than a preponderance of evidence." *Olney v. Cooch,* 425 A.2d 610, 614 (Del.Supr.1981); *Giles v. Family Court of Delaware,* 411 A.2d 599, 601 (Del.Supr.1980); *National Cash Register v. Riner,* 424 A.2d 669, 674 (Del.Super. 1980).

■ Having reviewed the entire record of the testimony, affidavits and evidence submitted to the Panel and the inferences arising therefrom, this Court finds that the members of the Panel could fairly and reasonably reach the conclusions set forth in their opinion. Therefore, the Court will not strike any part of the opinion based on insubstantial evidence. The entire opinion of the Panel as written shall be admissible at the trial of this case as *prima facie,* but not conclusive, evidence as provided in 18 *Del.C.* § 6812.

An order will be entered in accordance with this memorandum opinion.