## Sherman v. Marcus & Millichap Real Estate Investment Services, Inc.

366

*Arthur S. Cavaliere,* for petitioner
*David Smith,* for respondent

PANEPINTO, *J.* February 13, 2013—This appeal stems from an arbitration award that was entered by the arbitration panel on October 27, 2009 after three (3) days of proceedings. The panel issued an award for Marcus and Millichap Real Estate Investment Services ("Millichap")

in the amount of $336,875.00, plus post-award interest and, upon further application, attorneys' fees and costs pursuant to the Exclusive Representation Agreement ("representation agreement") dated October 22, 2004. This action began upon the filing of a petition to vacate or modify award of arbitration filed by Mark E. Sherman, et al. ("Sherman").

On December 5, 2009, an affidavit of service of the petition to vacate or modify award of arbitration upon Millichap was filed. Sherman then filed a motion for sanctions on February 26, 2010. The response date was March, 18, 2010.

The case was reassigned to Judge Paul Panepinto on May 17, 2010 and a rule was issued by the court the same day. The rule, after considering the motion for Sanctions, called upon Millichap to show cause why the requested relief should not be granted. The rule returnable was set for June 16, 2010. The same day, May 17th, a rule was also issued by the court concerning the petition to vacate or modify award of arbitration. The rule called upon Millichap to, again, show cause why the relief should not be granted.

On June 9, 2010, the motion hearing for the motion for sanctions was rescheduled to August 11, 2010. The same day, the motion hearing for the petition to bacate award of arbitration was also rescheduled to be heard on August 11, 2010.

A full hearing on the petition to vacate or modify

award of arbitration and the cross petition to confirm arbitration award was held on August 11, 2010 and attended by both parties. After the hearing on the underlying issues, an order was entered on September 22, 2010 and docketed on September 28, 2010. The order stated that the Petition filed by Sherman to vacate or modify award of arbitration was denied and Millichap's petition to confirm arbitration award was, in turn, granted. The judgment was entered against Sherman for the specified amount of $339,875.00, plus interest at the annual simple rate of 6% from October 26, 2009, until the award amount is paid. It was further ordered that attorneys' fees and costs will be awarded in an amount to be later determined by the arbitration panel.

An appeal was made to the Superior Court on behalf of Sherman by his counsel on September 30, 2010 to contest the decision dated September 22, 2010 and docketed September 28, 2010. On July 27, 2012, this appeal was quashed as interlocutory as this court's September 28, 2010 order did not dispose of all claims in that it remanded the matter to the arbitration panel to set attorneys' fees. *See* July 12, 2011 Superior Court opinion.

ALLEGATIONS OF ERROR [renewed]

1. An irregularity occurred in the entry of the aforesaid Arbitration Award which caused the rendition of an unjust, inequitable or unconscionable Arbitration Award. [sic]

2. The Arbitration Award was entered by two of the three arbitrators. [sic]

3. The Arbitration Award was not entered after due deliberations between all three arbitrators. [sic]

4. The Arbitration Award indicates that it was unanimous, however, as stated above, was entered into by only two of the three arbitrators. [sic]

5. The Arbitration Award awarded pre-arbitration interest, contrary to law. [sic]

6. The Arbitration Award did not apportion the amount of the award between the petitioners, Mark E. Sherman, 4504 Pine Street, Inc. and 4600 Spruce Street, Inc. [sic]

7. The entire arbitration award was entered against Petitioner, Mark E. Sherman, only. [sic]

8. Respondent filed an answer to petitioner's petition raising disputed issues of material fact, however, the Lower court refused to issue a Rule to resolve the disputed issues of material fact in violation of Pa. R.C.P. 206.6 and Pa. R.C.P. 206.7 (c). [sic]

[in addition]

A. All those issues raised above pertaining to the Award of October 27, 2009 and the order of September 28, 2010. [sic]

B. The computation of damages in the Award in October 1, 2011 and the order of June 29, 2012 are at variance with the previous award of October 27, 2009 and order of September 28, 2010. [sic]

C. Respondent filed an answer to petitioner's petition raising disputed issues of material fact, however, the Lower court refused to issue a rule to resolve the disputed issues of material fact in violation of Pa. R.C.P. 206.6 and Pa. R.C.P. 206.7 (c). [sic]

## DISCUSSION

As for the first eight (8) allegations of error, this court rests on its prior decision that the arbitration award was properly entered by the arbitrators and that no clear, precise and convincing evidence of fraud or irregularity was shown by Sherman to cause this court to vacate or modify the arbitration award.

Pennsylvania law directs that common law arbitration awards must be confirmed absent "fraud, misconduct, corruption, or other irregularities" that resulted in an "unjust, inequitable or unconscionable" award. *See* 42 Pa. C.S. § 7341; *Harwitz v. Selas Corp. of Am.*, 178 A.2d 617, 619 (Pa. 1962). Claims of "other irregularities" must be proven by clear, precise and convincing evidence. *See Gargano v. Terminix Int'l Co. L.P.*, 784 A.2d 188, 194 (Pa. Super. 2001). Even mistakes of law and fact cannot serve as a basis to vacate an arbitration award. *Parking Unlimited, Inc. v. Monsour Med. Found.*, 445 A.2d 758, 761 (Pa. Super. 1982).

Sherman appointed Richard A. Guttman, Esq. as his party-appointed arbitrator. Millichap appointed Andrew Gowa, Esq. as their party-appointed arbitrator. The party-appointed arbitrators then chose Thomas B. Rutter, Esq.

as the neutral, third arbitrator. Sherman's party-appointed arbitrator acknowledged in a letter he wrote on October 28, 2009 to the other arbitrators, which was provided by Millichap, that the panel had reached a unanimous decision after deliberation.

Sherman, in his petition and at the hearing held on August 11, 2010, stated affirmatively that they "do not contend that there was any 'fraud, misconduct, [or] corruption' in the process of arbitration." This court's review of an award of arbitration is "extremely narrow" and Sherman bore the burden of showing the "underlying irregularity and the resulting inequity." *Chervenak, Keane & Co. Inc. v. Hotel Rittenhouse Assocs., Inc.,* 477 A.2d 482, 485 (Pa. Super. 1984); *See also Brennan v. General Accident Fire and Life Assur. Corp., Ltd.,* 574 A.2d 580, 583 (Pa. 1990) (explaining that, "unless restricted by the submission, the arbitrators are the final judges of law and fact and their award will not be disturbed for mistake of either").

The letter of October 28, 2010 clearly states that Sherman's arbitrator "received [the] Proposed Interim Award, which comports with the decision [they] reached unanimously." It was the arbitrator's unanimous decision that found against Mark E. Sherman only. The court is limited in its ability to look beyond the award itself and find that the arbitrators did not consider the other respondents in the arbitration. Mr. Guttman's letter to the other arbitrators brings up the issue of apportionment of the award to the corporate entities in his request for further

deliberations, but the award signed by the majority of the arbitrators found against Mark E. Sherman only.

In the end, the two other arbitrators signed the arbitration award finding that Mr. Guttman, Sherman's arbitrator, absented himself after claiming to be "unavailable" for nearly three (3) weeks. Sherman did not provide any evidence to counter what Millichap provided the court. Sherman failed to carry its burden to show the arbitration award originally reached was not agreed upon unanimously by all three (3) arbitrators, after being properly deliberated, that resulted in an "unjust, inequitable or unconscionable" award. To the contrary, Sherman specifically alleges that the award was not entered as a result of fraud, misconduct, or corruption.

With regard to arbitration awards, Pennsylvania courts have ruled that an "award based upon evidence heard by only two of the arbitrators was a nullity." *Kuzmen v. Kamien,* 12 A.2d 471 (Pa. Super. 1940). The facts of this case, however, are not that of *Kuzmen.* In *Kuzmen,* it was undisputed that only two (2) out of the three (3) arbitrators heard witness testimony or evidence and only the two (2) participated in the determination of the award in the absence of the third arbitrator. *Id.* Here, it is undisputed that all three (3) arbitrators were present for the offering of all witness testimony and evidence presented over the three (3) days of proceedings. The third arbitrator, Mr. Guttmann, who ultimately did not sign the award of arbitration in this case, admits in the October 28, 2010 letter that they unanimously agreed to the award of arbitration.

Therefore, all arbitrators were present for deliberations.

Prior to the commencement of arbitration, Sherman failed to preclude the arbitration panel from addressing any pre-award interest as it being outside the scope of the arbitration agreement. Due to this failure to object to the demand made by Millichap going into arbitration, this court cannot, after the fact, overrule the arbitrators' decision on the ground that it was not originally part of the representation agreement between the parties. *See Brennan v. Gen. Accident Fire and Life Ins. Corp. Ltd.,* 453 A.2d 356, 357 (Pa. 1982). In any event, it seems clear that Pennsylvania law allows for the awarding of pre-judgment interest in contract cases dating back to the original date of the breach. *See Daset Mining Corp. v. Industrial Fuels Corp.,* 473 A.2d 584 (Pa. Super. 1984).

Appellant is mistaken in his allegation that the computation of damages in the award of October 1, 2011 and this court's June 29, 2012 order are at variance with the previous award of October 27, 2009 and order of September 28, 2010. Appellant does not dispute that the arbitrators unanimously awarded Millichap $140,000 in fees and costs. Nor has appellant alleged fraud, misconduct, or any other irregularity in the award of fees and costs. For that reason alone this court properly granted Millichap's cross-petition.

Appellant's primary argument in opposition to Millichap's cross-petition is that the $140,000 award of fees and costs is "at variance" with the October 2009

award underlying the existing judgment because the latter did not "award compensatory damages in the amount of $275,000, but included an award of pre-arbitration interest of $61,875..." [sic] *See* memorandum of law in support of petitioner's answer to respondent's counter-petition to confirm and enter amended judgment, p.3 Based on this alleged "variance," Sherman argues that the $140,000 fee award should not be confirmed and the entire matter remanded back to arbitration. This argument is without merit.

In October 2009, the arbitration panel awarded Millichap a real estate commission of $275,000 plus $61,875 of interest at the statutory rate and fees and costs to be determined later. Appellant petitioned to vacate that award before the arbitration panel could schedule a hearing on the amount of fees and costs to be awarded Millichap. Millichap cross-petitioned to confirm the arbitration award and, on September 22, 2010, this court entered judgment on the arbitration award in the amount of $336,875 (the $275,000 commission, plus $61,875 of interest) and directed the arbitration panel to determine the amount of fees and costs to be awarded to Millichap.

The arbitration panel's determination of fees and costs was delayed further by a premature appeal by Sherman, which was quashed. Even if there was an inconsistency, it would be of no consequence because once a judgment was entered on the October 2009 award, the arbitration panel was without authority to change it. Indeed, it was Sherman who initiated proceedings in this court before the

panel could quantify fees and costs.

Sherman's claim that the October 2011 award misstates the October 2009 award because the latter "did not award compensatory damages in the amount of $275,000" is simply wrong. The statement in the October 2011 award referencing the $275,000 amount of compensatory damages in the October 2009 award is entirely accurate. The October 2009 award states explicitly that Millichap was awarded "compensatory damages in the amount of $275,000..." The October 2009 award then identified two categories of interest that are to be added to the compensatory award. One category was pre-arbitration interest on the compensatory damage award of $275,000, which the panel calculated to be $61,875. The second category of interest was "additional per diem interest... from October 26, 2009 until the amounts awarded are paid." There is no "variance" and no basis to revisit the 2009 award.

In any event, the October 2011 award cannot review, change or modify the October 2009 award. On September 22, 2010, this court confirmed and reduced to judgment the October 2009 award ("judgment"). This court also rejected Sherman's motion to strike the judgment. *See* this court's September 9, 2011 order. As the judgment is res judicata, it (and the award upon which it was based) cannot be (and could not have been) reconsidered, reviewed, or modified in any way by the arbitration panel. *See e.g. Balent v. City of Wilkes-Barre*, 542 Pa. 555, 563 (1995).

Sherman argues also that the October 2011 award did not adopt or ratify the October 2009 award because the former does not include a reference to pre-arbitration interest. That argument also lacks merit. The October 2009 award provided compensatory damages and interest in Millichap's favor. The majority of the arbitration panel signed that award. The October 2011 award found also in favor of Millichap and awarded $140,000 in compensatory damages. The unanimous panel then stated-completely consistent with the prior award-that interest on the "underlying award of compensatory damages," i.e. $275,000, would accrue from October 27, 2009 and that interest would accrue "on the instant award of fees and costs from 1 October 2011..." [sic] *See* 2011 arbitration award. There is no discussion of pre-arbitration interest in the October 2011 award because that interest amount had been liquidated previously by the arbitration panel and confirmed and reduced to judgment by this court. Accordingly, there was no need or any reason to revisit that issue in the October 2011 award.

The reason Sherman attempted to argue that the October 2011 award did not adopt or ratify the October 2009 award is simple; Sherman now realizes that his claim that his party-appointed arbitrator did not participate in the deliberations on the October 2009 award is not only baseless but now is moot as well. The fact that the unanimous arbitration panel (including that same party-appointed arbitrator who he alleges did not participate in the October 2009 award) incorporates the October 2009

award means that Sherman cannot now claim that his party-appointed arbitrator was denied the opportunity to participate in the October 2009 award. If that arbitrator had objections to the October 2009 award, then he would not have executed the October 2011 award that incorporates the earlier award.

Sherman's third argument challenges the calculations that comprise Millichap's proposed amended judgment. Those calculations are entirely accurate. By its terms, the judgment of $336,875 (the compensatory amount of $275,000 and pre-arbitration interest of $61,875) accumulates interest at the rate of 6% per annum. By its terms, the October 2011 award of $140,000 accumulates interest at 6% from the date of that award, October 1, 2011. When those amounts are added, the total of the two awards, plus interest, equals $512,295.49, with interest accumulating at a per diem rate of $68.22. Sherman does not identify any mathematical errors or any basis to reject or modify Millichap's calculations and, therefore, those calculations were adopted by this court.

## CONCLUSION

Overall, the record shows that the arbitration award was properly entered by the arbitrators in this matter after deliberation and no clear, precise and convincing evidence of fraud or irregularity was shown by the Sherman to cause this court to vacate or modify the arbitration award.

Accordingly, for the reasons stated above, this appeal should be denied.