IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| DOVER LAND HOLDNGS, LLC, | : | |
| a Delaware limited liability company, | : | C.A. No: K16A-01-003 RBY |
| | : | K16A-01-004 RBY |
| Petitioner, | : | In and for Kent County |
| | : | |
| v. | : | |
| | : | |
| KENT COUNTY BOARD OF | : | |
| ADJUSTMENT, | : | |
| | : | |
| Respondent. | : | |

*Submitted: June 16, 2016*
*Decided: July 15, 2016*

*Upon Consideration of Petitioner's Appeal from*
*the Kent County Board of Adjustment*
AFFIRMED

**ORDER**

Mark F. Dunkle, Esquire, Parkowski Guerke & Swayze, P.A., Dover, Delaware for Petitioner.

Noel E. Primos, Esquire, Schmittinger & Rodriguez, P.A., Dover Delaware for Respondent.

Young, J.

## SUMMARY

Before the Court is the appeal of Petitioner Dover Land Holdings, LLC ("DLH") from a pair of decisions by Respondent Kent County Board of Adjustment ("the Board"). The decisions at issue denied Petitioner's applications for two variances that would allow construction of oversized billboards on certain real property. After careful consideration of the record and the submissions by the parties, the decisions of the Board are **AFFIRMED** for the reasons set forth below.

## BACKGROUND

On October 5, 2015, Petitioner filed Applications A-15-43 and A-15-44 (the "Application(s)") with the Kent County Department of Planning Services ("the Department") for variances from Section 205-266 of the Kent County Code ("the Code"). Each Application corresponds to one of two contiguous parcels of land owned by Petitioner and located between Bay Road and Delaware Route 1. If granted, the Applications would allow Petitioner to place an oversized billboard on the parcels. The Code provides for a maximum billboard height of 35 feet and size of 288 square feet. The variances sought would allow Petitioner to erect a billboard 65 feet in height and 576 square feet in size.

The Department issued a Staff Recommendation Report (the "Staff Report") that recommended denial of Petitioner's variance Applications. The report stated that Petitioner did not demonstrate an "exceptional practical difficulty" that would justify the variances, and expressed additional concerns about maintaining "a consistent visual aesthetic throughout Kent County." The Staff Report noted that although the Board granted a prior variance application for a similarly sized billboard in 2002, the

2

Board hearing that application specifically admonished that "this request was very site specific and would not set a precedent." The Staff Report also describes five similar variance requests for properties in the surrounding area. Four variance requests for signs ranging in size from 96 to 313 square feet were approved, and one for a sign of 600 square feet in size was denied.

On November 19, 2015, the Board held a public hearing on the Applications. Counsel for Petitioner made an initial presentation regarding the need for the proposed billboard size. The property owner then testified to the difficulty in using the property because of its irregular shape. Another witness for Petitioner testified to the commercial desirability of the oversized billboard. The same witness also asserted that a larger size was needed in order for the billboard to be read safely, given the Code's minimum setback distance and the speed of traffic on Route 1. No witnesses gave testimony and no evidence was offered in opposition to the Applications.

Ultimately, the Board denied each Application by a vote of 5-1. The Board explained that its decisions were based on the Department's recommendation and the fact that no other billboards along stretches of Route 1 with speed limits of 65 miles per hour in Kent County exceed 288 square feet.

Petitioner appealed the Board's decision to this Court on January 20, 2016. In its Opening Brief, Petitioner first argues that substantial record evidence satisfies the "exceptional practical difficulty" test for granting variances. Additionally, Petitioner asserts that the Board's contrary conclusion and denial of the Applications are not rational and should be reversed.

Petitioner's second argument is that the Board's decision is "an arbitrary

conclusion not supported by competent evidence," and, therefore, legally defective.

Third, Petitioner argues that the Board's chairperson tainted the proceedings with preexisting bias against granting the variance, denying the Petitioner a fair hearing.

In its Answering Brief, the Board first argues that substantial record evidence supports the conclusion that no exceptional practical difficulty existed. The Board determined that it correctly applied the relevant legal standard in reaching this conclusion. Additionally, the Board argues that Petitioner did not show that the denial of their Applications was arbitrary. Finally, the Board rejects Petitioner's argument that the Chairperson tainted the fairness of the proceeding.

Petitioner subsequently submitted a Reply Brief raising additional arguments in support of its original positions. Respondent replied with a Supplemental Brief, reasserting that the Board's decision was legally sound and distinguishing the additional case law included in Petitioner's Reply Brief.

## STANDARD OF REVIEW

An appeal from an administrative board's final order to this Court is restricted to a determination of whether the Board's decision is free from legal error and whether the Board's finding of facts and conclusions of law are supported by substantial evidence in the record.[1] Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion."[2] It is more then a scintilla,

---

[1] 29 *Del. C.* §10142(d); *Avon Prods. v. Lamparski*, 203 A.2d 559, 560 (Del. 1972).

[2] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. Super. 1981) (citing *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

but less than a preponderance of the evidence.[3] It is a low standard to affirm, and a high standard to overturn. If the record contains substantial evidence, then the Court is prohibited from re-weighing the evidence or substituting its judgment for that of the Board.[4] Questions of law are reviewed *de novo*.[5]

## DISCUSSION

Pursuant to 9 *Del. C.* § 4917(3), the Board may, under exceptional circumstances, authorize a variance from the strict application of zoning ordinances where such application would result in "peculiar and exceptional practical difficulties" or cause "exceptional and undue hardship upon" the property owner. Whether exceptional practical difficulty exists is determined by a weighing of the so-called *Kwik-Check* factors.[6] These factors include: (1) the nature of the zone where the property is located; (2) the character and uses of the immediate vicinity; (3) whether removal of the property restriction would seriously affect the neighboring property; and (4) whether failure to remove the restriction would create unnecessary hardship or exceptional practical difficulty for the owner in relation to his efforts to make normal improvements in the character of the use of the property which is a

---

[3] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988) (citing *DiFilippo v. Beck*, 567 F. Supp. 110 (D. Del. 1983)).

[4] *Janaman v. New Castle County Bd. of Adjustment*, 364 A.2d 1241, 42 (Del. Super. 1976).

[5] *Anchor Motor Freight v. Ciabattoni*, 716 A.2d 154, 156 (Del. 1998).

[6] *Bd. of Adjustment v. Kwik-Check Realty, Inc.*, 389 A.2d 1289 (Del. 1978).

permitted use under the applicable ordinances.[7]

The Board considered the evidence presented at the hearing in light of the applicable legal factors. During the vote at the close of the hearing, members of the Board explained their reluctance to approve the Applications for billboard size variances based on a number of factors. First, multiple members cited the extreme size of the billboard as objectionable under the Code. The Board chairperson noted that the Code dictates precise, adequate size limits for signs. In this way, the Code guided the Staff Report and the Board's subsequent decision. Second, the Board did not find that Petitioner had shown exceptional practical difficulty justifying the variances. Finally, the Chairperson also stated that granting the Applications was not a good choice for the community. The single Board member who voted against denying the Applications opined that economic development opportunities could justify granting the variances.

Petitioner appeals the decisions of the Board denying the Applications for variances. In reaching those decisions, the Board considered the zoned business nature and the character of the relevant property, as well as the mixed business and residential uses of that property and neighboring ones. The Board further contemplated the impact that granting the variances would have on neighboring property, including the inevitable construction of the oversized billboard on the plot.[8]

---

[7] *Id.* at 1291.

[8] In that regard, perhaps the Board had in mind a distortion of Ogden Nash's words: "I think that I shall never see a billboard lovely as a tree. If billboards are allowed to grow, no trees will grace Kent's fine tableau."

Finally, the Board concluded that no unnecessary hardship or exceptional practical difficulty resulted from denial of the Applications, as Petitioner remains free to erect a billboard sized to conform with the Code.

The Board assessed the Applications, determining that substantial record evidence supported denial of the variances requested, in part because no exceptional practical difficulty exists preventing Petitioner from erecting billboards on the relevant property for business purposes. The Board's decisions are supported by substantial evidence, which prevents this Court from any re-weighing of evidence or independent fact-finding on review. Consequently, the Board's decisions are neither arbitrary nor legally defective. Thus, Petitioner's arguments to the contrary are rejected. Because Petitioner's additional submissions merely reassert that the Board's decisions were in error, they are rejected as well. The Board's decisions are **AFFIRMED**.

## <u>CONCLUSION</u>

For the foregoing reasons, the Board's decisions are **AFFIRMED**.

/s/ Robert B. Young
Judge

RBY/lmc
*Via File & ServeXpress*
oc:    Prothonotary
cc:    Counsel of Record
        Opinion Distribution

7