**Daniel F. REAGAN and Helen G. Reagan, his wife, Plaintiffs,**

v.

**John H. HEINTZ, Lester F. Johnson, and John E. Messick, Constituting the Board of Adjustment of the City of Rehoboth Beach, Defendants.**

Superior Court of Delaware.

Sussex.

July 30, 1968.

William Swain Lee, Georgetown, for plaintiffs.

John E. Messick, Georgetown, for defendants.

## OPINION

O'HORA, Judge.

Petitioners herein seek to have a decision of the Board of Adjustment of the City of Rehoboth Beach (hereinafter referred to as the "Board") reversed.

Petitioners, husband and wife, purchased the property in question in 1966. At the time the property contained improvements consisting of a cottage, constructed on a poured concrete foundation incasing water and plumbing pipes, a railroad pullman car, and a screened porch connecting the cottage and railroad car. These improvements were located to the rear of the property and, running in a straight line, were eighteen inches to two feet from the rear line. The entire property was subject to the provisions of "The Rehoboth Beach Zoning Ordinance of 1941", which, by applicable classification, required a rear yard of at least twenty-five feet in depth. However, the improvements on petitioners' lot had existed prior to 1941 thus constituting permissible, preexisting, non-conforming uses of the property. Petitioners were aware of these facts when the property was purchased.

In August, 1967, the railroad pullman car was removed in anticipation of the construction of a proposed addition to the cottage which would occupy much of the same area previously occupied by the railroad car and porch. The existing cottage, which continues to be occupied, is situated entirely within the rear twenty-five foot area of the lot (the front of the cottage being eighteen feet from the rear line) so that no addition thereto can be made, under the provisions of the Ordinance, unless a variance is granted.

Petitioners sought a variance of the zoning ordinance so as to construct the proposed addition, which request, after a hearing, was denied. The Board based its denial upon the following conclusions:

1. No evidence was entered indicating that the property could not yield a reasonable return if the application were denied.

2. No unique circumstances appear to exist for granting the variance.

3. Adequate area for construction of the proposed structure is available on the lot.

4. Granting the variance would extend the building which encroaches on the adjoining lot.

Section 904 of the Ordinance empowers the Board to grant variances, setting forth the standards to be applied in the following language:

"* * * to authorize upon appeal, in specific cases, such variance from the terms of the Ordinance as will not be contrary to the public interest, where owing to special conditions, a literal enforcement of the provision of the Ordinance will result in unnecessary hardship, and so that the spirit of this Ordinance shall be observed and substantial justice done."

The purposes of the Ordinance are set forth in the Ordinance itself, as follows:

"WHEREAS, it is deemed necessary and proper by The Commissioners of Rehoboth Beach, in accordance with a Comprehensive Plan and Design to lessen congestion in the streets; to secure from fire, panic, and other dangers; to preserve health and other welfare; to provide adequate light and air; to prevent over crowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewage, schools, parks and other public requirements of the City of Rehoboth Beach * * *".

Essential to the exercise of the power to grant variances is the existence of "unnecessary hardship". The burden of establishing this element falls upon petitioners. Zoning Board of Adjustment of New Castle County v. Dragon Run Ter-

race, 222 A.2d 315 (Del.1966). Whether or not petitioners sustained their burden before the Board necessitates an examination of the conclusions reached by the Board in relation to the record presented to this Court for review. This Court is bound by the Board's findings of fact, if supported by substantial evidence, but may fully review any questions of law involved. Sutton v. Board of Adjustment of City of Wilmington, 200 A.2d 835 (Super.Ct.1962); Searles v. Darling, 7 Terry 263, 83 A.2d 96 (Del.1951).

■ Factual situations involving financial and practical hardships to property owners, as a consequence of zoning restrictions, have been considered frequently in recent years in this jurisdiction. As a general rule it can be said that variances are authorized in such instances only where peculiar, unique or unreasonable hardships exist. Economic hardship alone is clearly not such a hardship. Application of Emmett S. Hickman Co., 10 Terry 13, 108 A. 2d 667 (Del.1954); Homan v. Lynch, 1 Storey 433, 147 A.2d 650 (Del.1959); Searles v. Darling (supra).

■ Petitioners urge that the addition planned by them would enhance the entire property, as compared to the use formerly made of it, and that denial of a variance will either unduly confine the residential use to be made of the premises or require the removal of the cottage and the undertaking of an unreasonably expensive rebuilding program. The record would tend to substantiate such conclusions but to say this does not necessarily meet the legal problem involved.

The Supreme Court in the *Homan* case, in listing the basic prerequisites to a finding of unnecessary hardship, looked with favor on a test which would require a showing that the premises could not reasonably be put into a conforming use, without a variance, and that granting the variance would not substantially derogate the intent and purpose of the particular zoning regulation. The denial of the variance here will not interfere with the present use of the premises, the cottage, though non-conforming, being a permissible use. Furthermore, the rear yard restrictions are undoubtedly important to the carrying out of the general purposes of the Ordinance itself. While preexisting, non-conforming uses may continue, a policy of permitting variances based upon a preexisting, non-conforming use, subsequently discontinued, would tend to perpetuate non-compliance with the basic plan. Such a practice would substantially derogate the intent and purpose of the zoning Ordinance here in question.

An examination of the record leads this Court to conclude that there is substantial evidence therein to support the conclusions of fact reached by the Board, and that it did not err in its application of the law. In reaching this conclusion the Court does not, however, sustain the Board's finding that the "granting of the variance would extend the building which encroaches on the adjoining lot". This conclusion may have been beyond the scope of the issue before the Board but in any event is superfluous to the decision. The remaining conclusions of fact found amply support the decision of the Board.

For the reasons herein set forth the decision of the Board is sustained.

It is so ordered.