Anthony JANAMAN, Plaintiff,

v.

NEW CASTLE COUNTY BOARD OF AD-
JUSTMENT and John David Chad-
wick, Defendants.

Superior Court of Delaware,
New Castle.

Submitted May 28, 1976.

Decided Aug. 19, 1976.

Francis S. Babiarz, of Biondi & Babiarz,
Wilmington, for plaintiff.

**1242** ■ 

Joseph M. Bernstein, Wilmington, for defendant New Castle County Board of Adjustment.

Harvey B. Rubenstein, Wilmington, for defendant John David Chadwick.

CHRISTIE, Judge.

This appeal from a decision of the New Castle County Board of Adjustment involves the issue of whether or not there is substantial evidence to support the Board's granting of a zoning variance in light of the criteria mandated by 9 Del.C. § 1352(a)(3) and § 25–85 of the New Castle County Code.

Defendant John David Chadwick, has operated a licensed exterminating business from his place of residence for fifteen to twenty years. The business is a commercial use, and defendant's residence is located in an area not zoned for commercial uses. The commercial use also violates certain deed restrictions applicable to the residence. Defendant is self-employed and has operated his business alone since 1968. Prior to that time, one other individual worked with him.

Defendant advertises only in the telephone directory's yellow pages. There is no visible evidence of the business attached to his home. Customers do not come to his home. They solicit his services by telephone, and he travels to the job location. The exterminating materials used in the business are stored in a truck which is kept either in defendant's garage or in the driveway at the rear of his house. One drum containing up to 55 gallons of a flammable chemical is stored in the garage. The truck and garage are unlocked only when defendant or his wife are present.

Defendant's application for a variance was supported by a number of his neighbors. Those opposing his application asserted that zoning and deed restrictions prohibited a commercial use, that it created a fire hazard and that it was a health hazard.

The New Castle County Board of Adjustment granted defendant's request for a variance with the condition that all materials utilized in the business be kept locked in the truck or garage and provided that no outward signs exist to indicate the business was conducted from defendant's home. The Board mentioned several factors, but it apparently based its decision on the length of time defendant had operated the business with no complaint from the neighbors and with no adverse effect on the property, surrounding neighborhood or community. The Board expressed the view that such an activity had not suddenly become offensive or deleterious and noted that the plaintiff had known of its existence for about ten years.

Plaintiff filed a petition in this Court for a writ of certiorari to review the defendant Board's decision. Defendant Chadwick was permitted to intervene. The writ was allowed to issue over defendant's objection. *Chadwick v. Janaman,* Del., 349 A.2d 742 (1975).

Plaintiff asserts that the grant of a variance must be set aside as no special conditions, exceptional situations, unnecessary hardship or exceptional practical difficulties exist as are required to justify such a grant under the provisions of 9 Del.C. § 1352(a)(3) and § 25–85 of the New Castle County Code.

■ This Court's scope of review on appeals from a Board of Adjustment decision is limited to correction of errors of law and to determining whether or not substantial evidence exists on the record to support the Board's findings of fact and conclusions of law. When such evidence exists, this Court may not reweigh it and substitute its own judgment for the Board's. *Searles v. Darling,* Del., 7 Terry 263, 83 A.2d 96 (1951); *Cooch's Bridge Civic Ass'n v. Pencader Corp.,* Del., 254 A.2d 608 (1969); *Fisher v. Pilcher,* Del., 341 A.2d 713 (1975). This rule does not, however, permit the Board to do whatever it thinks best without a factual basis in the record. The Board's discretion is not so

wide that it may do whatever it deems to be equitable without regard to statutory requirements and the need for substantial evidence to meet statutory requirements. *Searles v. Darling, supra; Application of Julian,* Del.Super., 3 Storey 175, 167 A.2d 21 (1960); *Mavrantonis v. Board of Adjustment,* Del.Super., 258 A.2d 908 (1969).

The New Castle County Board of Adjustment is authorized to grant zoning variances by 9 Del.C. § 1352 (and its essentially identical counterpart, § 25–85 of the New Castle County Code). The statute, 9 Del.C. § 1352, states in pertinent part:

"(a) The Board of Adjustment shall be empowered to hear and decide:

\* \* \* \* \* \*

(3) In specific cases, such variance from the provisions of any zoning ordinance, code or regulation that will not be contrary to the public interest, where, owing to special conditions or exceptional situation, a literal interpretation of the provisions of any zoning ordinance, code or regulation will result in unnecessary hardship or exceptional practical difficulties to the owner of property so that the spirit of the ordinance, code or regulation shall be observed and substantial justice done, provided such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of any zoning ordinance, code, regulation or map."

A variance may be granted when it is not injurious to the public good and when it is not contrary to the intent or purpose of the zoning code. If special conditions or exceptional situations would cause, when a literal interpretation of the zoning code is applied, an unnecessary hardship or an exceptional practical difficulty to befall the property owner, then and only then, is the Board permitted to grant a variance.

The Board's opinion in the instant case reveals only one condition or situation which might be regarded as special or exceptional. That is the long-standing existence of a commercial use in clear violation of the zoning code.

The reasoning of *Application of Julian, supra* and *Richards v. Turner,* Del. Super., 336 A.2d 581 (1975) recommends itself to this Court. Those decisions rejected the notion that the pre-existence of a nonconforming use in and of itself satisfied a statutory requirement of an "extraordinary and exceptional situation or condition." A self-imposed condition or violation which gives rise to a form of self-imposed hardship is generally not such hardship as is sufficient to sustain a variance. To hold otherwise would place this Court in the intolerable position of sanctioning or rewarding code violations and, thus, stimulating their occurrence. The perpetuation of noncompliance would substantially derogate the intent and purpose of the zoning ordinance in question. *Reagan v. Heintz,* Del.Super., 246 A.2d 710 (1968). The Board may consider the duration of an existing nonconforming use, but more than a long-standing violation is required to establish the existence of "special conditions or exceptional situations." The record reveals no such condition or situation here.

The Court in *Zoning Board of Adjustment of New Castle County v. Dragon Run Terrace, Inc.,* Del., 222 A.2d 315 (1966), explained that a variance may not be granted without the showing of a hardship. The Court there was applying the standards set forth in the statute which was then applicable to assess the Board's decision.[1] That code section was the

1. 9 Del.C. § 2617(3) provided:
 "Upon appeals the Board of Adjustment shall have the following powers:

 (3) Where by reason of exceptional narrowness, shallowness or shape of a specific piece of property at the time of the enact-

predecessor of 9 Del.C. § 1352(a)(3). The current statute includes an amendment enlarging the Board's powers in that factors other than the physical characteristics of the property may now be considered in variance proceedings. These statutes do not, however, differ as to the requirement that some sort of hardship must be shown before a variance is allowable. The express language and clear intent of the statute both before and after the amendment require such a showing. The evidence before this Court indicates the Board of Adjustment made no finding that a literal interpretation of the zoning code would produce an unnecessary hardship or an exceptional practical difficulty. The evidence shows merely that a business, which could be even now easily relocated, has been operated in clear violation of the applicable zoning for a long time.

The only hardship reasonably inferable from the record is economic, i.e., it is cheaper to operate a business from one's current home than to move to a location where the operation of such business does *not violate the zoning regulations.* If this is allowed to stand as a hardship justifying the granting of a variance, then zoning will cease to meet its minimum objectives. Economic considerations, if they are to constitute evidence of hardship, must be far more compelling than they are in this case. Compare *Application of Emmett S. Hickman Co.,* Del., 10 Terry 13, 108 A.2d 667 (1954); *Homan v. Lynch,* Del., 1 Storey 433, 147 A.2d 650 (1959); *Reagan v. Heintz, supra; Mavrantonis v. Board of Adjustment, supra; Richards v. Turner, supra.* The record here does not contain the required substantial evidence of hardship or difficulty.

The Court finds that the variance granted by the New Castle County Board of Adjustment was not made pursuant to the authority granted by 9 Del.C. § 1352 and § 25–85 of the New Castle County Code. The Court further finds that there is no substantial evidence in the record upon which the Board might have properly granted a variance.

On the basis of the foregoing, plaintiff's motion to set aside the Board of Adjustment's decision granting a variance to John David Chadwick is hereby granted.

IT IS SO ORDERED.

---

ment of the regulations, or by reason of exceptional topographic conditions or other extraordinary and exceptional situation or condition of such piece of property, the strict application of any regulation adopted under this chapter would result in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon, the owner of such property, to authorize, upon

an appeal relating to such property, a variance from such strict application so as to relieve such difficulties or hardship; provided such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of the zone plan and zoning regulations."