BOARD OF ADJUSTMENT OF NEW CASTLE COUNTY et al., Appellants, Respondents below,

v.

KWIK–CHECK REALTY, INC., Appellee, Petitioner below (two cases).

BOARD OF ADJUSTMENT OF NEW CASTLE COUNTY et al., Appellants, Respondents below,

v.

John P. THOMPSON et al., Appellees, Petitioner below.

Supreme Court of Delaware.

Submitted Feb. 21, 1978.

Decided June 2, 1978.

Catherine Mulholland and Joseph M. Bernstein, New Castle County Law Dept., for appellants.

Walter P. McEvilly, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for appellees.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

This is an appeal from a decision of the Superior Court reversing an order of the New Castle County Board of Adjustment denying a zoning variance that would permit two stores to sell gasoline through self-service gasoline pumps.

### I.

The petitioners are owners of two "7–11" stores located in unincorporated areas of New Castle County. The stores are located in "C–2" zones, which permit self-service gasoline stations, but because the land upon which the stores are situated does not satisfy the area requirements for self-service gasoline stations, it was necessary for the petitioner to apply to the Board for a variance under 9 *Del.C.* § 1352(a)(3). The Board denied the variance, finding no condition or situation which would justify the grant of the variance.

On appeal, the Superior Court reversed, see 369 A.2d 694 (1977). The Board appeals; we affirm.

### II.

Under 9 *Del.C.* § 1352(a)(3), the Board of Adjustment is authorized to grant a variance

" . . . where, owing to special conditions or exceptional situation, a literal interpretation of the provisions of any zoning ordinance, code or regulation will

result in *unnecessary hardship* or *exceptional practical difficulties* to the owner of property so that the spirit of the ordinance, code or regulation shall be observed and substantial justice done, provided such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of any zoning ordinance, code, regulation or map. . ." (Emphasis supplied)

The Board contends the Superior Court erred: (1) in holding that variances are separable into two categories, i. e., "use" and "area", because the Statute makes no such distinction; and (2) in holding that a less burdensome test of "exceptional practical difficulties" of the owner may be employed for area variances, because, the Board argues, the terms "unnecessary hardship" and "exceptional practical difficulties" are synonymous.

■ We hold that the Superior Court correctly distinguished the two types of variances and prescribed a less burdensome test where an area variance is in issue under § 1352(a)(3). Many states, with comparable statutory provisions, have adopted such an interpretation. See *Indian Village Manor Co. v. Detroit*, Mich.App., 5 Mich.App., 679, 147 N.W.2d 731 (1967), *Westminister Corp. v. Zoning Bd. of Review of the City of Providence*, R.I.Supr., 103 R.I. 381, 238 A.2d 353 (1968), *Palmer v. Board of Zoning Adjustment*, D.C.App., 287 A.2d 535 (1972), and *McLean v. Soley*, Md.App., 270 Md.App. 208, 310 A.2d 783 (1973). The rationale, which we approve, is that a use variance changes the character of the zoned district by permitting an otherwise proscribed use, see 3 Anderson *American Law of Zoning*, § 14.45 et seq. (1968), whereas an area variance concerns only the practical difficulty in using the particular property for a permitted use. 2 Rathkopf, *The Law of Zoning & Planning*, 45–2 (1973 Supp.). Accordingly, given the differing purposes and effects of the two types of variance, a lesser standard of the owner's "exceptional practical difficulties" is appropriate for obtaining an area vari-

ance. The cases cited by the Board * holding, that the standard for granting a variance is always "unnecessary hardship", are inapposite. They involved statutes dissimilar to the one here in issue.

■■ The Board also contends that even under the "exceptional practical difficulties of ownership" test, the Superior Court erred in holding that economic considerations, standing alone, may be a sufficient justification for the grant of an area variance. We decline to place such restriction on the meaning of "exceptional practical difficulties" of ownership. The inability to improve one's business, or to stay competitive as a result of area limitations, may be a legitimate "exceptional practical difficulty" that would justify a grant of a variance. Such practical difficulty is present where the requested dimensional change is minimal and the harm to the applicant if the variance is denied will be greater than the probable effect on neighboring properties if the variance is granted. Therefore, to determine if the difficulties presented by the owner are practical rather than theoretical, and exceptional rather than routine, *Board of Adjustment of New Castle Co. v. Henderson Union Association*, Del.Supr., 374 A.2d 3 (1972), the Board should take into consideration the nature of the zone in which the property lies, the character of the immediate vicinity and the uses contained therein, whether, if the restriction upon the applicant's property were removed, such removal would seriously affect such neighboring property and uses; whether, if the restriction is not removed, the restriction would create unnecessary hardship or exceptional practical difficulty for the owner in relation to his efforts to make normal improvements in the character of that use of the property which is a permitted use under the use provisions of the ordinance. Compare 2 Rathkopf, The Law of Zoning and Planning, 45–29 (1972).

Affirmed.

---

* *Searles v. Darling*, Del.Supr., 83 A.2d 96 (1951), *Homan v. Lynch*, Del.Supr., 147 A.2d 650 (1959), *Sutton v. Bd. of Adjustment of the City of Wilmington*, Del.Supr., 200 A.2d 835 (1962), and *Reagan v. Heintz*, Del.Supr., 246 A.2d 710 (1968).