IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH SNYDER and SAVE OUR DELAWARE BYWAYS, INC.,     Plaintiff in Error Below-    Appellant, | § § § § § § | No. 519, 2015 Court Below: Superior Court of the State of Delaware |
| v. | § § | |
| NEW CASTLE COUNTY, NEW CASTLE COUNTY BOARD OF ADJUSTMENT, NEW CASTLE COUNTY DEPARTMENT OF LAND USE, and MARY K. CARPENTER TRUST,     Defendant in Error Below-    Appellees. | § § § § § § § § § | CA No. N14A-05-003 |

Submitted: March 9, 2016
Decided: April 5, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

## ORDER

On this 5th day of April 2016, it appears to the Court that:

(1) Appellants Elizabeth Snyder and Save Our Delaware Byways, Inc. appeal from a Superior Court judgment affirming a decision of the New Castle County Board of Adjustment. The Board granted several variances for property owned by the Mary K. Carpenter Trust (the "Trust"). Appellants assert two claims on appeal. First, they claim that the Superior Court applied an erroneous standard of review. Second, they

claim that under the proper standard of review, the Board erred in granting the variances.

(2) In December 2013, the Trust filed an application requesting certain area variances regarding a twenty acre parcel of land owned by the Trust at 206 Montchanin Road in Wilmington, Delaware. The variances were requested in connection with a proposed development plan for the trust property, under which the property would be split into fourteen individual lots, with a cluster subdivision comprised of twelve lots—each ranging from one-third to one-half acres in size—for a fifty-five or older community, and two larger lots encompassing the trust property's original structures.

(3) First, the Trust requested a variance from a fifteen foot bufferyard requirement between the trust property and Snyder's property, which adjoins the trust property. The Trust requested that this requirement be reduced to five feet for the first 150 feet of the common property line. This request was made because the plan called for a proposed access road to be placed five feet from the common side line with the Snyder property due to existing intersection geometry with Montchanin Drive. Under the plan, the bufferyard width beyond 150 feet from Montchanin Drive would expand from fifty to seventy-five feet. Second, the Trust requested a variance from Section 40.20.225 of the New Castle County Development Code, which requires

2

that open space and protected resources be on separate parcels of land.[1] The Trust requested this variance only regarding the two larger lots due to the impracticality of splitting the lots further. In order to accommodate the spirit of the open space requirement, the Trust would place the protected resources on the larger lots in a conservation easement. In March 2014, the Board held a public hearing regarding the requested variances.

(4) In April 2014, the Board issued its decision granting the variances. The Board determined that the ten foot buffer yard variance would still leave the property in compliance with the 0.2 bufferyard opacity requirement along the common side line with Snyder. Next, the Board discussed the remaining four variances, which were technically distinct but substantively the same. The Board found that the variances regarding open space and "protected resources" were superior to code requirements because the two larger lots were acting as a transition between zoning districts; and the mature resources on those lots would be protected by conservation easements, which satisfied code policy that protected resources and open spaces remain in the future.

(5) On May 7, 2014, the Appellants filed a petition for a writ of certiorari in the Superior Court pursuant to 9 *Del. C.* §1314(a). In its opinion affirming the Board, the

---

[1] New Castle Cty. C. § 40.20.255 ("Open space shall be separate parcels of land exclusive of streets and residential lots.").

3

Superior Court declined to review the Board's decision on its merits, and instead, reviewed the decision "to determine whether the lower tribunal exceeded its jurisdiction, committed errors of law, or proceeded irregularly."[2] This appeal followed.

(6) Appellants contend that the Superior Court applied an erroneous standard of review. They contend the correct standard is a review to determine whether the Board's findings are supported by substantial evidence. They contend that an application of this standard of review should result in the Board's decision being reversed. Specifically, they contend that the variances sought would result in development inconsistent with the trust property's zoning and the scenic byway designation, the variances sought on the application are inconsistent with the character of the immediate vicinity, the variances will have a deleterious effect on neighboring properties, and absent the requested variances, the Trust faces no exceptional practical difficulty inherent in the land.

(7) The Appellants' contention that the Superior Court applied an incorrect standard of review is correct. "[The] scope of review on appeals from a Board of Adjustment decision is limited to correction of errors of law and to determining whether or not substantial evidence exists on the record to support the Board's

_____

[2] *Snyder v. New Castle Cty.*, 2015 WL 5020155, at *6 (Del. Super. Aug. 24, 2015) (internal quotation marks omitted).

4

findings of fact and conclusions of law."[3] Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] "Substantial evidence is more than a scintilla but less than a preponderance."[5] The Trust concedes that the Superior Court did not apply the correct standard of review but contends that the Superior Court's legal error was harmless. In our review of the Board's decision, we apply the standard of review which we have just set forth.

(8) In *Board of Adjustment of New Castle County v. Kwik-Check Realty, Inc.*, this Court established the following test to be applied by the Board in evaluating area variance requests.[6] This Court explained that:

> to determine if the difficulties presented by the owner are practical rather than theoretical, and exceptional rather than routine, the Board should take into consideration the nature of the zone in which the property lies, the character of the immediate vicinity and the uses contained therein, whether, if the restriction upon the applicant's property were removed, such removal would seriously affect such neighboring property and uses; whether, if the restriction is not removed, the restriction would create unnecessary hardship or exceptional practical difficulty for the owner in relation to his efforts to make normal improvements in the character of that use of the property which is a permitted use under the use provisions of the ordinance.[7]

---

[3] *Janaman v. New Castle Cty. Bd. of Adjustment*, 364 A.2d 1241, 1242 (Del. 1976).
[4] *Olney v. Cooch*, 425 A.2d 610, 614 (1981) (internal quotation marks omitted).
[5] *Id.*
[6] 389 A.2d 1289, 1291 (Del. 1978).
[7] *Id.*

5

(9) In this case, the Board explained the basis for its decision as follows:

> The requested variances fall into three groupings: the access road, the conservation easement, the allocation of protected resources. Development of homes is permitted on this land whether the zoning is S or SE. For compelling safety reasons DelDOT has stated that the access road should be located opposite of Montchan Drive, a determination reached regardless of the size of the Project. Location of the access road, therefore, is not a self-created hardship. The protected resources are inherent in the land and the Applicant is attempting to ensure that those resources are well-maintained by the use of the conservation easement. There is little or no negative impact by this Project on Mrs. Snyder's narrow strip of land that is adjacent to the subject property. The character of the community is maintained by the proposed Project. The scenic byway is protected by the unusual size of the 125 foot buffer filled with plantings. This Board does not render a decision on the rezoning question; that is an issue for the County Council. If County Council decides against the rezoning request, the Project here will not be built.
>
> The unique conformation of the property, the unique relationship of the existing dwellings and outbuilding to one another and to the varied topography and to the existing protected resources and stream in relationship to the goals of protecting these valuable resources while permitting a normal improvement by a reasonable amount of residential development on the property given the presence of necessary infrastructure to serve new development and the unique geometry of the proposed signalized intersection with Montchanin Drive (which make complying with the side yard bufferyard opacity requirement problematic) constitute a special condition and exceptional situation warranting some flexibility in the Zoning Code. The requested variances will be consistent with the character of the surrounding community. The requested relief is modest. The proposed clustered subdivision with a large percentage of open space and mature trees visible

6

from Montchanin Road, and natural resources protected by conservation easement elsewhere on the site, indicate that the requested relief will be unlikely to adversely affect residential surrounding properties. If the zoning restriction upon the Applicant's property were removed, the removal would not seriously affect neighboring properties. If the restrictions were not removed, it would create an exceptional practical difficulty. The reasons to grant the relief requested stem from an exceptional practical difficulty that is inherent in the land. The granting of the variances would not substantially impair the intent or purpose of the zoning regulations. "A literal interpretation of the zoning law result in exceptional practical difficulties of ownership." Kwik-Check Realty. Inc. v. Board of Adjustment of New Castle Cty., 369 A.2d 694, 698 (Del. Super. 1977), aff'd, 389 A.2d 1289 (Del. 1978).

Granting the application conditionally, and removing the restriction, will not seriously affect the neighboring properties. If the variance was denied, and the restriction not removed, "the restriction would create . . . exceptional practical difficulty for the owner in relation to his/her efforts to make normal improvements on the character of that use of the property which is permitted use under the use provision of the ordinance [involved]." Board of Adjustment of New Castle Cty. V. Kwik-Check Realty. Inc., 389 A.2d 1289, 1291 (Del. 1978). The granting of this variance will not cause substantial detriment to the public good, nor will it substantially impair the intent and purpose of the zoning code.[8]

(10) We have reviewed the Appellants' contentions and find them to be unpersuasive. Based upon our review of the record, we have concluded that the Board's careful analysis adequately considers the *Kwik-Check* factors, is supported by substantial evidence, and is free of legal error.

---

[8] Appellant's Op. Br. App. at A640-41.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is **AFFIRMED.**

BY THE COURT:

_____
Justice