# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| FRANCIS J. FIERRO and CAROLYN F. FIERRO, <br><br> Appellants, <br><br> v. <br><br> BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, DELAWARE, CITY OF NEWARK, DELAWARE and TIMOTHY M. CHOPKO and CECILIA J. CARROLL, also known as CECILIA J. CHOPKO. <br><br> Appellees. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. N17A-02-010 RRC

Submitted: October 25, 2017
Decided: January 18, 2018

On Appeal From a Decision of the Board of Adjustment. **AFFIRMED.**

# ORDER

James P. Curran, Jr., Esquire, Law Office of James P. Curran, Jr., Newark, Delaware, Attorney for Appellants Francis J. Fierro and Carolyn F. Fierro.

Bruce C. Herron, Esquire, Losco & Marconi, P.A., Wilmington, Delaware, Attorney for Appellees Board of Adjustment of the City of Newark, Delaware, City of Newark, Delaware.

COOCH, R.J.

1

This 18th day of January, 2018, upon consideration of Appellant's appeal from the decision of the Board of Adjustment of the City of Newark, Delaware, it appears to the Court that:

1. Francis J. Fierro and Carolyn F. Fierro ("Appellants") have appealed a decision of the Board of Adjustment of the City of Newark, Delaware ("the Board") granting Timothy M. Chopko and his wife Cecilia J. Carroll ("the Chopkos") a variance from a Newark Zoning Code provision to build a garage in their front yard. On appeal, Appellants argue that the Board should not have granted the variance because the relief obtained was essentially a rezoning of the area, which is beyond the scope of a variance. Alternatively, Appellants argue that the Board committed an error of law in granting the Chopkos' variance request because the Chopkos failed to demonstrate that they would suffer a hardship if the variance request was denied. However, the Court finds that the decision by the Board is supported by substantial evidence and is free from legal error. Accordingly, this Court **AFFIRMS** the decision of the Board.

2. The Chopkos are owners of property at 250 Dallam Road in Newark, Delaware. They applied for a permit to construct a four-car detached garage in the front of their property in early 2016. The proposed dimensions of the garage were 42 feet by 36 feet. The City of Newark denied the Chopkos' application for a building permit in a letter dated April 28, 2016. The letter set out that, "[a] private garage constructed as an accessory use in a residential district shall be subject to the following special provisions in regard to its location: it may be constructed within a rear yard provided it is distant at last three feet from any lot line[,]" pursuant to Newark Zoning Code Section 32.48. The Chopkos then sought a Newark Zoning Code variance from the Board in order to construct a four-car garage in the front yard of their property.[1]

3. In their variance request, the Chopkos explained the claimed unique characteristics of their property that they believed supported their request. They stated that their front yard comprises 85% of the total lot space, which, they stated, is the only property in Newark with such a uniquely large front yard. The Chopkos contend that construction of a

---

[1] Appellees' Answ. Br. at 3-4.

garage in their back, or side, yards is not feasible given the minimal remaining lot space. They also stated in their variance request that the location of storm drains and electric easements prevented the construction of the garage on other areas of their property. The Chopkos' plan for the garage was to use it to store their antique car collection.[2]

4. The Board held a hearing on the Chopkos' variance request on October 20, 2016. The Board entered into evidence three letters from neighbors of the Chopkos, all of whom supported the variance request. The Chopkos' next door neighbors, Appellants, testified in opposition of the variance request, stating that the garage would negatively affect Appellants' property value.[3] The Board granted the Chopkos' variance request in a 4-0 vote.[4] Appellants now appeal that decision to this Court.[5]

5. On appeal, Appellants argue that the Board should not have granted the variance because, by granting the variance, the Board has, in effect, amended the Newark zoning code.[6] In the alternative, Appellants argue that the Chopkos failed to demonstrate "hardship or exceptional practical difficulty" consistent with the law as stated in the seminal case of *Bd. of Adjustment of New Castle Cty. v. Kwik-Check Realty, Inc.*[7] The failure to do so, Appellants contend, is an error of law.[8]

6. In response, the Board maintains that its decision should be affirmed because substantial evidence exists in the record to support the Board's findings of fact and conclusions of law and because the Board committed no error of law.[9]

7. In reviewing the decision of the Board, "[t]he function [this] Court is limited to determining whether substantial evidence supports the

---

[2] *Id.* at 3.
[3] Appellants' Op. Br. at 5-6.
[4] Appellees' Answ. Br. at 4-5.
[5] The Chopkos did not participate in this appeal.
[6] Appellants' Op. Br. at 11.
[7] *Id.* at 7-8 (citing 389 A.2d 1289, 1290-91 (Del. 1978)).
[8] Appellants' Reply Br. At 5-6.
[9] Appellees' Answ. Br. at 6 (citing *Janaman v. New Castle Cty. Bd. of Adjustment*, 364 A.2d 1241, 1242 (Del. Super. Ct. 1976), *aff'd*, 379 A.2d 1118 (Del. 1977)); *id.* at 8.

3

Board's decision regarding findings of fact and conclusions of law and is free from legal error."[10] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[11] If the Board's decision is supported by substantial evidence, this Court must sustain the Board's decision even if this Court would have decided the case differently if it had come before it in the first instance.[12] This Court does not sit as trier of fact, nor should this Court replace its judgment for that of the Board.[13] "The burden of persuasion is on the party seeking to overturn a decision of the Board to show that the decision was arbitrary and unreasonable."[14] In this process, "the Court will consider the record in the light most favorable to the prevailing party below."[15]

8.  The Board decision below was supported by substantial evidence and thus will be affirmed. The Board applied the *Kwik-Check* test to determine that the Chopkos' zoning board variance request should be granted.[16] The *Kwik-Check* test requires that the Board consider four factors in deciding whether to grant a zoning variance:

> the nature of the zone in which the property lies, the character of the immediate vicinity and the uses contained therein, whether, if the restriction upon the applicant's property were removed, such removal would seriously affect such neighboring property and uses; whether, if the restriction is not removed, the restriction would create unnecessary hardship or exceptional practical difficulty for the owner in relation to his efforts to make normal improvements in the character of that use of the property[.][17]

9.  The Record shows that the Board conducted a thorough examination of the *Kwik-Check* test. As such, substantial evidence

---

[10] *Holowka v. New Castle Cty. Bd. of Adjustment*, 2003 WL 21001026, at *3 (Del. Super. Ct. Apr. 15, 2003) (citing 29 Del. C. § 10142).
[11] *Forrey v. Sussex Cty. Bd. of Adjustment*, 2017 WL 2480754, at *3 (Del. Super. Ct. June 7, 2017).
[12] *Id.*
[13] *Holowka*, 2003 WL 21001026, at *4.
[14] *Forrey*, 2017 WL 2480754, at *3 (quoting *Mellow v. Bd. of Adjustment of New Castle Cty.*, 565 A.2d 947, 955 (Del. Super. Ct. 1988)).
[15] *Holowka*, 2003 WL 21001026, at *4 (quoting *Gen. Motors Corp. v. Guy*, No. C.A. 90A-JL-5, 1991 WL 190491, at *3 (Del. Super. Ct. Aug. 16, 1991)) (internal brackets omitted).
[16] Appellants' Op. Br. at 7-8 (citing *Kwik-Check*, 389 A.2d at 1291).
[17] *Kwik-Check*, 389 A.2d at 1291.

4

exists that support the Board's decision to grant the Chopkos' variance request.

10. First, the "nature of the zone where the property lies" and "the character of the immediate vicinity" were both reviewed in detail at the Board hearing.[18] One of the Board members stated, "[t]he nature of the zone in which the property is located – is residential RS[]" and "[t]he character of the immediate vicinity of the subject property and the uses of the property within that immediate vicinity – is residential and the Oakland's community and is a very nice area."[19]

11. Second, the Board also specifically asked Mr. Chopko about the effect the garage construction would have on his neighbors' properties.[20] Also, given that three of the Chopkos' neighbors supported the construction of the garage, substantial evidence exists in the Record that support the Board's finding that "removal of the restriction on [the Chopkos'] property would seriously affect the neighboring propert[ies] and [their] uses."[21] The letters written by the three neighbors were received by the Board and acknowledged during the hearing.[22] One of the Board members stated, "[granting the variance] would not be an issue and would not adversely affect the character of the neighborhood. . . . [I]t would enhance the neighborhood."[23]

12. Finally, the Board addressed the "unnecessary hardship or exceptional practical difficulty" for the Chopkos if the Board did not grant the variance request.[24] One of the Board members stated, "the [Chopkos] would have considerable difficulty if the variances were not granted."[25] Another Board member commented that the Chopkos' "lot is oddly shaped and preceded modern zoning requirements for setbacks."[26]

---

[18] App. of Appellants' Op. Brief at 28-29.
[19] *Id.* at 23.
[20] *Id.* at 29.
[21] *Id.* at 15-18.
[22] *Id.* at 25.
[23] *Id.* at 23.
[24] *Id.* at 29.
[25] *Id.* at 24.
[26] *Id.*

13. The role of this Court in review of a decision the Board is limited to determining whether the Board's decision is supported by substantial evidence and is free from legal error. The Board's decision to grant the Chopkos' variance request is supported by substantial evidence in the Record. Further, the Court finds no legal error in the Board's analysis of the *Kwik-Check* test. The Board's minutes reflect that the Board considered all four factors of the *Kwik-Check* test.[27] When it reviews a Board decision on appeal, this Court will consider the record in the light most favorable to the prevailing party below. The Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[28] Therefore, this Court does not review the sufficiency of evidence in the Board hearing.

14. This Court will not disturb the decision of the Board below absent a showing of legal error or that the Board's decision was unsupported by substantial evidence. As there was no legal error and the findings below were supported by substantial evidence in the record, the decision of the Board is **AFFIRMED**.

**IT IS SO ORDERED.**

Richard R. Cooch

cc: Prothonotary
Board of Adjustment of the City of Newark, Delaware

---

[27] *Id.* at 23-24.
[28] *Holowka*, 2003 WL 21001026, at *3.

6