# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| WILLIAM BARON 4th, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N23A-05-001 FWW |
| | ) | |
| DIVISION OF MOTOR VEHICLES, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: September 11, 2023
Decided: December 18, 2023

## ORDER

*On Appeal from the Division of Motor Vehicles*
**AFFIRMED**

William Baron 4th, 1170 Bayview Road, Middletown, Delaware 19709, *pro se*, Appellant.

George T. Lees III, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 800 South Bay Road, Dover, Delaware 19901, Attorney for Appellee Delaware Department of Transportation, Division of Motor Vehicles.

**WHARTON, J.**

This 18th day of December 2023, upon consideration of Appellant William Baron 4th's ("Baron") Opening Brief,[1] Appellee Division of Motor Vehicles' ("DMV") Answering Brief,[2] Baron's Reply Brief,[3] and DMV's letter and affidavit,[4] it appears to the Court that:

1.      On April 7, 2023, Baron imported a 1997 Mitsubishi Minicab ("Minicab") to the United States through the Port of Baltimore.[5]  The Minicab is equipped with working rear and front lights, rear and front turn signals, brake lights, a working brake pedal, a rear-view mirror, a horn, reflectors and flares.[6]  Baron states that he had purchased the Minicab to navigate through rows of timber on his 148-acre farm in Felton, Kent County, Delaware.[7]  On April 21, 2023, Baron applied to DMV to title and register his Minicab.[8]  He sought to do so under a "special farm vehicle registration" with a farm vehicle ("FV") tag.[9]

2.      When importing the Minicab, Baron completed at least two federal government declaration forms.[10]  DMV requires Certificate(s) of Compliance so that

---

[1] D.I. 11.
[2] D.I. 14.
[3] D.I. 15.
[4] D.I. 18.
[5] Ans. Br. at 1, D.I. 14.
[6] Opening Br. at 2, D.I. 11.
[7] *Id.* at 2. Baron sought to register the Minicab at a DMV location in the county where he resides, New Castle County. *Id.*
[8] *Id.*
[9] *Id.*
[10] *See* Reply Br. at Ex., B, D.I. 15.

certain imported vehicles comply with U.S. DOT Safety Standards and U.S. EPA Regulations for emissions.[11] Baron completed a United States Department of Transportation ("U.S. DOT") Declaration Form on Federal Motor Vehicle Safety, Bumper and Theft Prevention Standards.[12] An imported vehicle is exempted from these federal standards when it is over 25 years old.[13] Baron indicated on the form that the vehicle was compliant with this exemption requirement. Baron also completed a United States Environmental Protection Agency ("EPA") Declaration Form for the Importation of Motor Vehicles and Motor Vehicle Engines Subject to Federal Air Pollution Regulations.[14] An imported vehicle is exempted from these federal regulations when it is imported in an original unmodified configuration, and is at least 21 years old.[15] Baron indicated on the form that the vehicle was compliant with these exemption requirements.

3.  Baron previously has registered four vehicles under a "special farm vehicle registration" - a 1966 Kaiser Jeep, a 1999 Ford F250 pickup truck, a 2021 Pequea trailer and a 2022 PJ TM trailer.[16] Baron also previously has registered one "off-highway vehicle" ("OHV") - a 1998 Honda 450 All-Terrain Vehicle.[17] On

---

[11] *See* 2 *Del. Admin. C.* § 2278.
[12] *See* Reply Br. at Ex., B, D.I. 15.
[13] 49 CFR 591.5(i)(1).
[14] *See id.*
[15] *See* Reply Br. at Ex., B, D.I. 15; *See* 19 CFR 12.73(e)(6).
[16] Ans. Br. at 5, D.I. 14.
[17] *Id.*

numerous occasions, DMV has suggested Baron register the Minicab as an OHV. Baron has declined to do so.

4.     DMV classifies the Minicab as a "mini truck."[18]  DMV states that they have not and do not title or register mini trucks for use on the roads of this State because mini trucks were not manufactured to be operated on the roadways of the United States.[19]  Mini trucks are not manufactured to Federal Motor Vehicle Safety Standards and do not contain equipment mandated for vehicles imported into and proposed for use on the roads in the United States.[20]  The National Highway Traffic Safety Administration ("NHTSA") has issued guidance that mini trucks should not be licensed for operation on public highways.[21]  The Insurance Institute for Highway Safety ("IIHS") does not "'endorse the use of minitrucks on public roads.'"[22]  The American Association of Motor Vehicle Administrators ("AAMVA") classifies mini trucks as off-road vehicles, not suited or safe to be operated on public roads.[23]

5.     Through email communication and phone discussion, Baron sought a review of the initial DMV decision.[24]  DMV Chief of Vehicle Services Valerie Carey

---

[18] "Mini Truck" is Delaware Statutory Code or Delaware Administrative Code definition.
[19] Ans. Br. at 1, D.I. 14.
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] Baron also sought various legislative interventions as part of his appeal.

confirmed the initial decision and conveyed to Baron that there was no "'data showing [DMV] titled [mini trucks] in the past.'"[25] Then DMV Deputy Director Amy Anthony also confirmed the decision and conveyed to Baron that the Minicab was not "manufactured to be on the roadways nor does it meet any EPA standards."[26]

6. At some point, DMV advised Baron that based upon the guidance from NHTSA, IIHS and AAMVA, in addition to DMV's interpretation of the statutes it is tasked with overseeing, namely the provisions of Title 21 and the provisions of 2 *Del. Admin. C.* § 2278 and 7 *Del. Admin. C.* § 1131, the Minicab was and is not eligible for titling and registration in the State for operation on the roads of the state.[27] Also at some point, DMV advised Baron that the vehicle was not eligible for titling and registration pursuant to 21 *Del. C.* §2161(4) as the Minicab was unsafe and unfit to be operated on the roads of the state.[28] It appears that Baron was last advised of the DMV's decision on May 4, 2023.[29] On May 8, 2023, Baron appealed to this Court.[30]

7. Baron appeals DMV's decision to deny the Minicab a certificate of title and registration, specifically a "special farm vehicle registration" and an

---

[25] Ans. Br. at 4, D.I. 14.
[26] *Id.*
[27] *Id.* at 3.
[28] *Id.* at 3-4.
[29] *Id.* at 7.
[30] *Id.*

accompanying "FV" tag. Baron asserts that his Minicab meets all requirements under 21 *Del. C.* § 2113, so DMV may not deny title and registration for the Minicab.[31] Baron also argues that DMV does not have the authority to require "special farm vehicle registration" safety standards beyond those listed in 21 *Del. C.* § 2113.[32] Further, Baron argues that to do so would violate 21 *Del. C.* § 302.[33] Lastly, Baron asserts that DMV may not classify the Minicab as an OHV because the vehicle does not meet the statutory definition for an OHV.[34]

8.      DMV denied title and registration of the Minicab based upon DMV's interpretation of Title 21 of the Delaware Code, Delaware Department of Transportation regulations regarding imported vehicles, and national guidance to not title or register mini trucks for operation on public roads.[35] DMV argues pursuant to 21 *Del. C.* §316, §2301, §2312, and §2161, that it has statutory authority to deny title and registration of the Minicab for on-road use. Further, DMV argues that 21 *Del. C* § 302(a) provides the regulatory authority for 2 *Del. Admin. C.* § 2278, which requires a Certificate of Compliance to title and register certain imported vehicles. DMV contends that it did not exceed its statutory authority when denying title and registration for the Minicab. DMV asserts that it properly determined the Minicab

---

[31] Op. Br. at 4, D.I. 11.
[32] *Id.* at 6.
[33] *Id.*
[34] Ans. Br. at 7, D.I. 14.
[35] *Id.* at 1.

may be registered as an OHV, and categorizing the Minicab as such would not conflict with the statutory definition of an OHV or even Baron's intended use of the Minicab.

9.      Baron replies that 49 CFR 591.5(i) exempts the Minicab from the Certificate of Compliance so it may be imported for road use.[36]  Baron makes an assertion not stated in his opening brief or referenced in the DMV's answering brief that DMV has previously titled a vehicle of the same make and model and issued it a "VF" tag.[37]

10.     In a subsequent letter to the Court, DMV responds only to Baron's new reply brief assertion.[38]  DMV states that this assertion was not part of the record below, and it should not be considered by the Court for the first time on appeal.[39] For clarification on DMV's position - that they do not title and register this type of vehicle for on-road use - DMV provides the affidavit of DMV Deputy Director Karen A. Carson ("Carson").[40]  Carson's affidavit states that a volunteer firefighter's "VF" tag was issued for a 2001 F-350 and it is not presently a validly-issued license plate.[41]  The license plate is "in retention," meaning it is no longer associated with

---

[36] Reply Br. at 3, 5, D.I. 15.
[37] *Id.* at 1.
[38] *See* DMV's Letter to the Court dated Sept. 12, 2023, D.I. 18.
[39] *Id.* at 1.
[40] *Id.*
[41] *See* Carson Aff. ¶ 8, D.I. 18.

any legally registered motor vehicle.[42]  Further, DMV has notified the prior holder of the violation.[43]

11.    Appeals from DMV's refusal to title a motor vehicle must be filed in the Superior Court.[44]  Appeals from DMV "refusing, rescinding, canceling or suspending the registration of any motor vehicle" must also be filed with the Superior Court.[45]

12.    "The scope of review of an appeal from an administrative decision of the Division of Motor Vehicles is limited to correcting errors of law and determining whether substantial evidence of record exists to support the findings of fact and conclusions of law."[46]  The Delaware Supreme Court has found that "[f]indings of fact will not be overturned on appeal as long as they are sufficiently supported by the record and are the product of an orderly and logical deductive process."[47]  If there is substantial evidence in the record, the "court may not reweigh it and substitute its own judgment" for the judgment of the agency.[48]  The Delaware Supreme Court has

---

[42] *Id.* ¶ 9.
[43] *Id.* ¶ 10.
[44] 21 *Del. C.* § 2314.
[45] 21 *Del. C.* § 2163.
[46] *Eskridge v. Voshell*, 1991 WL 78471, at *2 (Del. 1991) (citing *Levitt v. Bouvier*, 287 A.2d 671 (Del. 1972)).
[47] *Id.* (citations omitted).
[48] *Janaman v. New Castle County Bd. of Adjustment*, 364 A.2d 1241, 1242 (Del. 1976).

stated that it will "accord due weight" to the decision of an agency's interpretation of a statute it is empowered to administer.[49]

13.    Baron's principal argument is that the vehicle complies with 21 *Del. C* § 2113(2)(g)(3)[50] - "The vehicle or trailer is properly equipped with a stop light, turn signals and brakes which are in a safe operating condition."[51] Baron's argument fails to consider the statute in totality. A "[s]pecial farm vehicle registration . . . is for identification only and does not constitute being 'registered' in this State[.]"[52] Even if Baron meets all requirements in §2113(2)(g)(3), the requirements for vehicle registration have not necessarily been met.

14.    Other statutes provide additional registration requirements. Section 316 provides that Title 21 of the Delaware Code applies to every motor vehicle with respect to titling and registration.[53] Section 2301(a) provides that the titling of a vehicle must come before the registration of a vehicle. In certain cases, DMV may statutorily refuse a certificate of title under §2161 and a vehicle's registration under §2312.

15.    Some regulations may also provide additional requirements. Baron states that the legislature granted the Secretary of the Delaware Department of

---

[49] *Public Water Supply Co. v. DiPasquale*, 735 A.2d 378, 382 (Del. 1999).
[50] Op. Br. at 4-5, D.I. 11.
[51] 21 Del. C. § 2113(2)(g)(3).
[52] 21 *Del. C.* § 2113(2)(a).
[53] 21 *Del. C.* § 316(1-3) provides exceptions.

Transportation, not DMV, the authority to ***draft*** rules and regulations. While this statement is true, DMV may ***enforce*** these rules and regulations. As an agency of the Delaware Department of Transportation, DMV is ultimately directed by the Secretary of Transportation. The enabling statute for Delaware Department of Transportation's regulatory authority provides that the Secretary of Transportation "may designate such agencies as may be necessary to carry out this title[.]"[54]

16. In certain cases, Regulation 2278, subsection 1.1 requires Certification(s) of Compliance to title or register an imported vehicle for the use on roads in this State.[55] Certification(s) of Compliance must ***now*** comply with U.S. DOT safety standard and U.S. EPA standards (for emissions).[56] This language indicates that importation exemptions will not bypass the requirements for complying with U.S. DOT safety standards and EPA standards for emissions. Regulation 2278 also does not suggest that Baron's forms mandate that DMV title or register the Minicab for use on the roads of this State. His forms do not act as Certifications of Compliances since they do not ***comply*** with U.S. DOT safety

---

[54] 21 *Del. C.* § 302(a).

[55] This regulation does "not apply to foreign vehicles which have a 'uniform' Manufacturer' Statement of Origin accompanying the title application. These MSOs are all printed in English language and are the same type that accompany all domestic cars which are manufactured in the United States." 2 *Del. Admin. C.* § 2278, subsection 1.3.

[56] 2 *Del. Admin. C.* § 2278, subsection 1.2.

standard and EPA standards for emissions. Baron's completed forms simply allow the importation of the Minicab into the United States.

17. Additionally, requiring U.S. DOT safety standards and EPA standards for emissions for titling does not violate §2113. Under §302(a): "No rule or regulation adopted pursuant to the authority granted by this section shall extend, modify or conflict with any law of this State, or the reasonable implications thereof." Regulation 2278 does not extend, modify or conflict with §2133 because a "special farm vehicle registration" is for "identification only," and not for the issuance of a certificate of title registration.[57]

18. Next, the Court turns to Baron's argument that the Minicab is not an OHV. Section 101(46) defines OHVs, stating in part: "'OHV[s]' [do] not include a farm vehicle being used for farming[.]"[58] Despite allowing "special farm vehicle registration," the legislature does not define "farm vehicle."[59]

19. An OHV may be registered for use on private property but not roads if it is "used or intended to be used solely upon private property which must cross or use the public highway only incidentally in order to gain access from one portion of such property to another."[60] Baron's intention to use the vehicle as a farm vehicle

---

[57] 21 *Del. C.* § 2113(2)(a).
[58] 21 *Del. C.* § Ch. 68 is about the registration of OHVs.
[59] 21 *Del C.* §316(2).
[60] "(2) Any vehicle used or in

does not make it one either by statute or by regulation. The Court accords "due weight" to DMV's decision to allow the Minicab to be registered as an OHV.

For the reasons set out above, the Court concludes that the Department of Motor Vehicle's decision is supported by substantial evidence and free from legal error. Therefore, the decision is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.